# Charlestown.

## BEARD v. ARBUCKLE.

### Decided September 7, 1878.

1878
August Term.

1. A case, in which the Appellate Court dismissed an appeal and *supersedeas* from and to decrees in a court of equity, because the appeal and *supersedeas* ought not to have been allowed to said decrees, if at all, without being allowed to other decrees in the cause, made therein after the decrees, to which the appeal and *supersedeas* were allowed.   (See opinion of the Court.)

2. Counsel practicing in the Appellate Court requested, to distinctly state in the petition for appeal, *supersedeas* or writ or error, what decree, order or orders, or judgment of the court, is asked to be reviewed.

Appeal from and *supersedeas* to a decree of the circuit court of Greenbrier county, rendered on the 25th day of June, 1877, in a cause in chancery then pending in said court, in which Hannah R. Beard was plaintiff, and Matthew Arbuckle and others were defendants, allowed on the petition of said Matthew Arbuckle.

Hon. Homer A. Holt, Judge of the Eighth Judicial Circuit, rendered the decree complained of.

The case is sufficiently stated in the opinion of the Court.

*Robert F. Dennis*, for appellant, cited the following authorities :

19 Gratt. 458; 12 W. Va. 611; 27 Gratt. 740 and cases there cited ; 19 Wend. 79.

*Mathews & Mathews*, for appellees, cited the following authorities :

1878
August Term.

Beard
v.
Arbuckle.

9 W. Va. 695, 700 ; 5 Cal. 149 ; 22 Iowa 230 ; 11 La. Ann. 455 ; 3 Gill & J. 450 ; 28 N. Y. 508 ; 18 Md. 245 ; 44 Barb. 636 ; 9 W. Va., 424; Code W. Va. ch. 134, §5 ; 6 W. Va. 196 ; 16 Gratt. 134 ; 10 W. Va. 298 ; 6 W. Va. 1 ; 3 Call 200 ; 9 Gratt. 142.

HAYMOND, JUDGE, delivered the opinion of the Court:

The plaintiff filed her bill, in the circuit court of the county of Greenbrier, against Matthew Arbuckle and others, to enforce a lien by judgment against said Arbuckle's realty, to which he claims to be entitled as assignee. The bill, after setting out the judgment and her claim to part of the amount thereof by assignment, states and alleges, that there are various other judgments against defendant, Arbuckle, and that he had executed deeds of trust on his lands, in whole or in part. The bill states the names of the persons who obtained said judgments, and also the names of the trustees and *cestuis que trust*, in the said deed of trust. The bill further states, that " certain of said judgments are now for the benefit of James Knight, and certain others of them have been transferred, and assigned to, and are now for the benefit of, the said Alex. F. Mathews, but of this she knew nothing, and the said Knight and Mathews can answer their claims fully, if any they have ; and reference is here made to a list or abstract of said judgments, duly certified from said lien docket herewith filed, marked exhibit No. 4, and prayed to be taken and made as part of this bill."

The bill alleges, that said Arbuckle is seized, and possessed in fee, of various tracts of land in said county, viz : the Creigh place, on which he resides, the Ditson place, &c., and that all of said lands are bound by the lien of that portion of said judgment or undertaking assigned to her, and by the lien of such of the other judgments and deeds of trust as have not been paid off,

and are still valid and subsisting debts; that plaintiff is informed and alleges, that as to one of said tracts, the Deen place, there is a balance of the purchase money unpaid &c., and for which the land is bound by a vendor's lien. The bill makes a large number of persons parties defendant, such as the judgment creditors, and the trustees and *cestuis que trust* in said deed of trust, by name, as well as others claiming an interest in some of said debts. The bill prays, that the plaintiff's said lien be enforced, &c., and that there be an account taken &c.

It appears, that afterwards the Judge of said circuit court, in vacation, "upon motion of the plaintiff," referred the cause to J. McWhorter, one of the commissioners of said court, to ascertain, state and report: First, all the lands owned by said Arbuckle; Second, an account of all the liens of every kind upon the real estate of said Arbuckle with their dates, dignities, amounts, and priorities; Third, the order, in which such liens are encumbrances on each of the tracts of land; and Fourth, any other matter deemed pertinent" &c.

It also appears by an order of the said court, entered in the cause, that on May 28, 1877, Alex. F. Mathews, C. Aultman & Co., Robert P. Lake, W. R. Snyder, Jacob Huffnagle and James C. McPherson, guardian *ad litem* for E. A. Gregory, filed their separate answers to the plaintiff's bill.

It further appears, that on the 14th day of June, 1876, the cause was recommitted to said commissioner, with instructions to hear such evidence, and take such further proof of debts, as should be adduced before him, and to re-open and restate his original report in accordance therewith, so far as necessary.

It also appears, that on the 13th day of November, 1876, the said circuit court made and entered a decree in the cause, in which it is recited: "The subpœna having been returned, regularly executed upon all the defendants, and this cause having been set down for hearing, came on this the 13th day of November, 1876, to be

heard upon the process, returned executed as aforesaid, the answer of the infant defendant, E. A. Gregory, by James C. McPherson, who is hereby appointed her guardian *ad litem*, the several answers of the defendants Robert P. Lake, Austin Handley, Jacob Huffnagle, C. Aultman & Co., W. R. Snyder, Caroline Bloomer, Alex. F. Mathews, general replication to said answers, the the petition of James Knight, filed by leave of court, who upon said petition is hereby made a party defendant in this cause, the petition and answer of James Miller, general replication to said answer, exhibits, depositions, the interlocutory orders and decrees, hereinbefore entered in vacation and in term, the original or first, and the supplemental or second, report of commissioner McWhorter, made and returned in pursuance of said orders and decrees, the exceptions to said supplemental report, taken by both plaintiff and defendant, M. Arbuckle, the motion of said Arbuckle for a continuance of this cause, and affidavits filed in support of said motion, and the arguments of counsel. Upon consideration whereof it is adjudged, ordered and decreed, that the said exceptions to said report of commissioner McWhorter, and the said motion for a continuance, be and they are hereby overruled, and that the said second or supplemental report, which is but a substitute with certain additions and modifications for said first, or original, report be and is hereby confirmed."

The decree then proceeds to ascertain and determine the several liens against the lands of said Arbuckle, the amounts thereof, and the persons entitled thereto respectively, and the priorities thereof. The decree then proceeds: "and the defendant, James Miller, who claims to have a debt against said Arbuckle, as a lien upon a tract of land of eighty acres, which has not yet been ascertained and fixed, here entering by his attorneys his consent on the record, that said tract may be sold without waiting to have his said debt judicially ascertained and decided, it is therefore further adjudged, ordered and de-

1878
August Term.

Beard
v.
Arbuckle.

creed, that the said parties receive from the said M. Arbuckle the said several sums of money respectively, with interest on each of said sums from the 10th day of November, 1876, until paid, and their costs, by them in this suit expended; and unless the same be paid within ninety days from the date of this decree, then Alexander F. Mathews, trustee in the first and oldest deed of trust on said lands, and John W. Harris, either of whom may act, who are hereby appointed special commissioners for the purpose." The decree then directs and authorizes the said special commissioners to sell the lands in the bill and proceedings mentioned, or so much thereof as may be required "to pay the debts, interest and costs, aforesaid, and prescribes the time, place and terms of sale, &c.

It is then further recited and stated in said decrees: "and upon motion of the defendant, M. Arbuckle and by counsel of the plaintiff, and other creditors, parties to the suit, the said second or supplemental report is recommitted to commissioner J. M. McWhorter, with leave to the defendant, M. Arbuckle, to establish, by sufficient and competent testimony, any credits, payments or offsets upon the debts, reported against him as aforesaid, within sixty days from the date of this decree." It is afterwards stated and provided in the same decree, and at the conclusion thereof, as follows, viz: "but this decree is without prejudice to the debt, due to A. S. Skaggs, which was overlooked by commissioner McWhorter, or which is due to Austin Handly, if it has been paid by him as security of said Matthew Arbuckle, as set out in the answer of Austin Handly, filed in this cause; and said commissioner McWhorter is directed to report to this court the amount still due on the judgment, rendered in favor of A. S. Skaggs, if anything, to whom due, and the priority of said debt, and what proportion thereof, if anything, has been paid by said Austin Handly as security for the said Matthew Arbuckle."

It also appears, that afterwards on the 7th day of February, 1877, in vacation, the said Arbuckle present-

ed his petition to the judge of said circuit court praying, "that the order, granting him leave to take evidence of his payments, &c., on and against the judgments, reported by commissioner McWhorter, may be enlarged and extended a reasonable length of time; that the decree of October, 1876, may be reviewed and modified; that the paper, marked VII, may be cancelled and set aside; that the sale of the lands, mentioned in the proceedings, may be deferred until some day in May next;" and for general relief; and on the day and year, last aforesaid, the said judge in vacation made this order, viz: "This cause was this day heard, after notice to · the parties; upon the papers formerly read, the petition of Matthew Arbuckle asking, that the time, allowed him by the decree entered at the October term, 1876, within which to take evidence of his payments on and against the judgments reported by commissioner McWhorter, may be enlarged and extended a reasonable length of time, and that the decree of the October term, 1876, may be reviewed and modified, the paper marked VI" (I suppose intended for VII) "be cancelled and set aside. and that the sale of his lands, in the proceedings mentioned, may be deferred until some day in May next, and upon the petition of D. S. Bell, this day filed, asking, that he be made a party defendant, with leave to file his answer. Upon consideration whereof, it is ordered, that the said petition of said Arbuckle be and it is hereby refused; and upon the said petition of D. S. Bell it is ordered, that he be made a party defendant to ₊this suit, and that his said petition be taken and treated as his answer, to which the plaintiff thereupon replied generally, and by consent of parties it is further ordered, that J. M. McWhorter, one of the commissioners of the court, enquire into, ascertain and report the character, amount, date and validity of the judgment set up and claimed by the said Bell in his answer, with any and all facts pertinent thereto. But, before executing this order, the said commissioner should give reasonable personal notice to all

the attorneys of record in this suit of the time and place when and where he will do so."

It is proper to remark here, that said petition of Arbuckle contains no assignment of error of law or of fact in said decree of sale, nor does it aver or allege in any form, that he has discovered any new matter or evidence since the rendition of said decree of sale.

It further appears, that on the 26th day of May, 1877, the cause again came on to be heard before the circuit court upon the papers formerly read, the petitions of M. Arbuckle and D. S. Bell, exhibits filed with said petitions, interlocutory order made therein in vacation since the last term of this Court, the report of commissioner J. M. McWhorter, made in pursuance of said order, to which report there is no exception, the report of sale made by Alex. Mathews and J. W. Harris, pursuant to the decree entered in this cause at the last term of this Court, No. 1, to which report there are no exceptions, and the arguments of counsel; and the Court confirmed said report of said commissioner J. M. McWhorter.

And the last named decree then recites and states, as follows: "and it appears from said report of sale, No. 1, that the said commissioners, Mathews and Harris, pursuant to said decree sold the tract of land of one hundred and forty-eight acres,' more or less, known as the Creigh place, or Arbuckle's home-place, on the 14th day of March, 1877, at public auction; and that Caroline Bloomer, being the highest bidder for the same, became the purchaser thereof at the price of $8,800.00, of which she paid $347.62, her proportion of the costs of this suit, and all the expenses of said sale; and that she elected to pay, and did also pay, the balance of said sum being $8,452.38 in cash also; it is therefore further adjudged, ordered and decreed, that the said report and sale be and they are hereby confirmed, and a writ of *habere facias possessionem* is hereby awarded the said purchaser to put her in possession of the said land."

The report of commissioner McWhorter, in the last

named decree mentioned, was not excepted to, and in it he reports adversely altogether to the said claim of said Bell; and he ascertains and reports the amount of the said Skaggs debt, mentioned in the decree of November 13, 1870, its priority, &c. He also reports therein, that the debt of J. W. Davis, being judgment creditor No. 3 in class V, has been satisfied, and that said Davis, since the last term of the court, has authorized him so to report. To the said report of sale, in the last named decree mentioned, there were no objections or exceptions made or filed, so far as shown by the record.

It also appears, that afterwards, on the 16th day of June, 1877, this cause came on to be further heard upon the papers formerly read, &c. The order, made at the time last referred to, is not material to be further noticed here. But it also appeared that on June 25, 1877, this cause came on again to be heard, before said circuit court, upon the papers formerly read, the report of sales No. 2, made by Alex. Mathews and John W. Harris, commissioners pursuant to the decree entered at October term, 1876, which is the said decree made on the 13th day of November, 1876, to which exceptions were taken and filed by the defendant M. Arbuckle, and the court sustained all the exceptions, and set aside all of the sales, mentioned in said report of sales No. 2, and directed said commissioners to repay to the purchasers the cash payment, made by them, &c.

And the court in and by said last named decree further adjudged, ordered and decreed, that John W. Harris, one of the commissioners theretofore appointed in the cause, the other commissioner, Alex. F. Mathews, having declined to act longer as such, proceed, as soon as may be, to re-sell the lands, in the bill and proceedings mentioned, upon the terms provided for and mentioned in former decree of sale, entered at October term, 1876; and Matthew Arbuckle was directed, as a special receiver of the court, to take possession of said land, directed to be re-sold, and take care of same; and he was directed

not to graze the said land, or permit it to be done by others.

The appeal and *supersedeas,* heretofore granted by this Court in this case, were granted on the 20th day of November, 1877; and they were granted and allowed to and from the said decrees of the 13th of November, 1876, and the 7th of February, 1877. The *supersedeas,* as granted, only extend to so much of said last named decrees as appoints commissioners to sell the real estate, in said decrees and bill and proceedings mentioned, and to make report thereof.

Thus it is seen, that none of said decrees or orders, rendered in the cause after the 7th day of February, 1877, are before us for review, and affirmation or reversal. We have seen the character of the decrees, rendered after the said 7th day of February, 1877, among which is the said decree of the 26th day of May, 1877, which among other things confirms the last report of commissioner McWhorter, to which no exceptions were filed, and also confirms the report No. 1 of sale of one hundred and forty-eight acres of the land of said Arbuckle, made by said commissioner to Caroline Bloomer, and also the said decree of the 25th day of June, 1877, which is the last decree, appearing by the record to have been rendered in this cause.

This last named decree, as we have seen, sets aside the sale, made by said commissioners Mathews and Harris, of a number of tracts of land, in the bill and proceeding mentioned, which last named sales are mentioned in the report No. 2 of the said last named commissioners, which was returned to the Court, and directs John W. Harris, one of said commissioners, to re-sell said lands, &c.

Under this condition of the case it is manifest, that only a part of the case is now before us for determination; and that there are other decrees, important in their character, which have, in some respects perhaps, an important bearing upon the said decrees to which the

appeal and *supersedeas* in this case apply, and which ought to be considered in connection therewith, in whole or part, and acted upon in connection with said decrees, to and from which the appeal and *supersedeas* have been awarded, as aforesaid. This, it seems to me, is true as to part of said decree of the 27th day of May, 1877, and the decree of the 25th day of June, 1877.

This difficulty in the case was caused by the indefiniteness of the petition of the appellant for an appeal and *supersedeas*, in failing to give the dates of decrees, and specify to what decrees in the cause the appellants desired an appeal and *supersedeas*. The petitioner for an appeal, *supersedeas* or writ of error ought to indicate to the Court in his petition with distinctness, to what judgment or decrees he prays for an appeal, *supersedeas* or writ of error, as the case may be. The petitioner should state distinctly in his petition what relief or assistance he desires, and as to what judgment, decree or order of the court he asks for an appeal, *supersedeas* or writ of error, as the case may be. The failure to do so must in the very nature of things not unfrequently lead to mistakes or serious difficulty and confusion in the granting of appeals, *supersedeas* or writs of error; and this case is a fair illustration of the fact.

The attention of counsel, practicing in this Court, is respectfully invited to this subject; and the observance of the precision and particularity in petitions, above referred to, is respectfully requested. It seems to me for the foregoing reasons, that, as the appeal and *supersedeas* in this case stand before us, we can not dispose of the whole case properly; and before we proceed to review and determine upon the said decrees of the 13th of November, 1876, and the 7th of February, 1877, decrees other than those last named should be before us in connection with said last named decree.

Whether an appeal and supersedeas should, or would, now be granted, or not, in this case, after an examination of said decrees made in the cause after the 7th day of

1878
August Term.

Beard
v.
Arbuckle.

Syllabus 2.

February, 1877, and, considering all the decrees in the cause, I do not mean at this time to express, or intend to express, any opinion. Without intending to establish or fix a precedent, to be followed generally, it seems to me, (there being no difficulty as to the statute of limitation now) that the proper disposition to be made of this particular case under all the circumstances is, for the reasons above stated and without reference to its merits, to dismiss the same without costs to the appellees, and without prejudice to the right and privilege to the appellant to hereafter present his petition for an appeal and *supersedeas,* or either, in this cause, to any or all the decrees or orders, made and rendered herein, and to obtain such appeal and supersedeas, or either, from said decrees or orders for error or errors therein, as though no appeal or supersedeas had at any time heretofore been granted and allowed in this case.

Some question has been made in the case, as to whether the decree of the 13th of November, 1876, is as to appellant a decree on bill taken for confessed, and perhaps some subsequent decrees or orders, under the circumstances and facts appearing in the record and in the said decree of 13th of November, 1876, in whole or in part, under the true meaning and purport of the 5th and 6th sections of chapter 134 of the Code of 1868 of this State. It is not material, or perhaps proper, to decide this question now, as a full record of the case is not before us, and for other reasons. It does not appear by the record before us, that the appellant ever demurred or pleaded to, or answered the bill, filed in the cause; and the orders and decrees, made in the cause at rules, and the writ and notice thereon and questions do not appear in the record, except so far as the recitals in the decree of November 13, 1876, may refer to them or part of them. Without intending to intimate any opinion now upon the subject, and as the appellant may hereafter avoid in this case, if he chooses, any question or difficulty under said 5th and 6th sections of said chapter 134

of the Code of this State of 1868, the attention of his counsel is respectfully invited to the subject.

For the foregoing reasons the appeal and supersedeas in this case must be dismissed, without costs, and without prejudice, &c., as hereinbefore indicated.

1878
August Term.
Beard
.v
Arbuckle.

THE OTHER JUDGES CONCURRED.

APPEAL DISMISSED.