# CHARLESTON.

MARY E. THOMAS, ADMRX. *v.* MARY E. THOMAS, *et al.*

(Nos. 6247, 6247-A)

Submitted May 8, 1928.   Decided May 15, 1928.

EXECUTORS AND ADMINISTRATORS—*Where Property Materially Appreciates in Value Before Confirmation, Sale to Pay Decedent's Debts Should be Set Aside and Bidding Reopened.*

When property sold at a commissioner's sale materially appreciates in value prior to judicial confirmation, the sale should be set aside and the bidding reopened.

(Executors and Administrators, 24 C. J. § 1637.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Marion County.

Suit by Mary E. Thomas, administratrix, against Mary E. Thomas and others.   From a decree confirming a commissioner's sale, the administratrix and Curtis P. Fleming and others appeal.

*Reversed and remanded.*

*Russell L. Furbee* and *C. Brooks Deveny,* for appellants.

*James A. Meredith* and *Clay D. Amos* and *A. Lawrence Russell,* for appellee *Geo. E. Amos.*

HATCHER, JUDGE:

This is a suit brought by an administratrix to sell the lands of her decedent to pay his indebtedness.   All of his real estate except two tracts was disposed of without controversy. The two tracts were offered for sale publicly by the commissioner six different times before being sold on November 5, 1927, for the sum of $1,485.00.   Exceptions to that price were taken by the administratrix, and an upset bid of $1,633.00 was offered by George E. Amos on November 22, 1927.   A re-sale was immediately had at which Amos became the purchaser at the price of $2,585.00.   He complied with the terms of sale by promptly paying to the commissioner one-

third of the purchase price in cash and delivering his notes with approved security for the balance. The commissioner did not file his report of that sale until January 6, 1928, when an upset bid of $3,000.00 was submitted by C. B. Fleming. On January 12th the administratrix filed exceptions to the sale to Amos on the ground of inadequate price, and W. L. Sutton tendered to the court $3,500.00 for the two tracts. The court overruled the exceptions, rejected the upset bids of Fleming and Sutton and confirmed the sale to Amos. Mary E. Thomas, the widow of decedent, and certain creditors perfected one appeal, and Fleming and Sutton another.

Affidavits filed by the contending parties show that a producing gas well on an adjoining tract, commenced October 24, 1927, and finished December 22, 1927, was the cause of the competition for the two tracts and their appreciation in value. The question here is, whether Amos or the estate is entitled to the benefit of that appreciation.

There are two rules of procedure in the United States applying to upset bids pending confirmation of a judicial sale. One is sometimes called the American rule and the other the old English rule. The former does not permit a re-opening of bids unless there was fraud or improper conduct in the management of the sale. That rule is the logical outgrowth of the manner in which its exponents regard a purchaser at such sale. They hold that he is invested with ''a fixed and definite legal right'', and that ''the title is held in trust for him'' pending confirmation. See the leading case of *Cropper* v. *Brown,* 76 N. J. Eq. 406, 74 Atl. 989, 139 Am. St. Rpt. 770.

The procedure in the Virginias is derived from the old English rule which permitted bids to be reopened prior to confirmation. That practice was terminated in the English courts by an act of Parliament in 1867, except in case of fraud or improper conduct. It was adopted, however, long prior to that date by the early Virginia courts, and has been consistently followed by this court since the separation of this state from Virginia. *Heywood* v. *Covington's Heirs* (1833) 4 Leigh 373; *Taylor* v. *Cooper* (1839) 10 Leigh 317, 319; *Cock's Adm'r* v. *Gilpin* (1842) 1 Rob. 20; *Daniel* v. *Leitch,* (1856) 13 Gratt. 195; *Kable* v. *Mitchell,* 9 W. Va. 492, 513-518;

*Hyman* v. *Smith,* 13 W. Va. 744, 766-8; *Childs* v. *Hurd,* 25
W. Va. 530, 535; *Stout* v. *Philippi,* 41 W. Va. 339, 348-9;
*Lowman* v. *Funkhouser,* 78 W. Va. 747; *Eakin* v. *Eakin,*
83 W. Va. 513, 520; Hogg's Eq. Pro., secs. 709, 710. The
above decisions do not concede to a purchaser at a judicial
sale any determinate right in the property prior to confirma-
tion. While the transaction is referred to as a commissioner's
sale, the word "sale" is a misnomer. The commissioner has
no authority to sell in the popular sense of the word, but
simply to accept bids and report to court. The highest bidder
is treated as having made only a tender to the court through
the commissioner, and as being merely "a preferred pro-
poser". No title whatsoever passes to him, and he derives no
benefit from his bid unless it is confirmed by the court. He
ordinarily has no ground of complaint if confirmation is re-
fused, as he makes his bid with the understanding that its
acceptance is discretional with the court. "A bid, though
accepted by the commissioner conducting the sale, does not
become a contract until reported to and confirmed by the
court. * * * Until then the right of the purchaser is in-
choate; the sale is an incomplete bargain, merely an offer
which the court may or may not accept as circumstances and
conditions may require. That is the stage at which the court
may open anew the bidding upon an advanced offer, substan-
tial and made in good faith." *Eakin* v. *Eakin, supra.*

Consistent with these principles, the old English practice
relative to appreciation and depreciation of property pending
confirmation was as follows:

> "Where there is a sale by the master, and the
> property appreciates by the accidental falling in of
> lives or by other means, the court will only confirm
> the sale upon the terms of the purchaser's making
> compensation. *Davy* v. *Barber,* 2 Atk. 490; *Blount*
> v. *Blount,* 3 Atk. 638. And in doing this it but acts
> within the scope of its rights and powers; for the
> sale is not conclusive until confirmed, and justice
> to the owner of the estate demands that where
> there has been a material appreciation before con-
> firmation, a resale should be directed unless the
> purchaser will make compensation.

"Where, after the sale and before confirmation, (as in the cases of *Ex parte Minor,* 11 Ves. 559, and *Heywood* v. *Covington's Heirs,* 4 Leigh 373,) the property is destroyed or materially injured by flood or fire, the loss must fall on the vendor; for. as, in the case of appreciation, the vendee will be charged with compensation, so, in the case of depreciation by destruction of part of the estate, he has a fair claim to a deduction." *Taylor* v. *Cooper, supra; Kable* v. *Mitchell, supra; Hymen* v. *Smith, supra.*

Amos contends that if the confirmation of his bid be set aside the tendency would be to chill bidding at judicial sales; that he "took a chance" on the gas well being productive and bid considerably more than the actual value of the two tracts on November 22, 1927; that if the well had proven barren his speculation would have cost him heavily, and that his temerity should be rewarded.

We find no case in the Virginias at all similar to this one. The situation here being so exceptional, we cannot. perceive that the decision of this case will affect in the least the attitude of the public towards the ordinary judicial sale.

In *Kable* v. *Mitchell, supra,* the court said that if a substantial advance were offered on the price bid at the sale "it would be unjust to creditors and oppressive upon the debtor not to set the sale aside." We consider that dictum singularly applicable here. Judicial intervention between a debtor and his creditors is fundamentally for their joint benefit. That purpose should predominate throughout the entire proceedings. If the property of the debtor enhances in value during the litigation that advantage belongs primarily to him and his creditors. Amos was not an original party to the suit. It was not for his benefit. He did nothing to make the property more valuable. Why should he reap the benefit of an appreciation which he did not create? Why divert the dominant purpose of this proceeding merely to reward a speculator? In authorizing a court to take from a debtor his property and dispose of it, the law imposes on the court the correlative duty of obtaining for him the best price practicable. The potential interest of the bidder, no matter his recommendations as such,

is therefore subordinate to the vested rights of the debtor and his creditors. *Morrison* v. *Burnett,* 154 Fed. 617, 624, (although refusing to consider the purchaser at a commissioner's sale as a mere proposer), agrees that a duty is "imposed upon the judicial tribunal when it comes to decide whether or not the sale shall be confirmed to so exercise its judicial power as to secure for the owners of the property the largest practicable returns." Accord: *Jennings* v. *Dumphy,* 174 Ill. 86; Hay's Appeal, 51 Pa. St. 58, 61.

When advances so substantial were made over the bid of Amos it became the duty of the lower court to set aside the tentative sale to him and reopen the bidding. Its confirmation of the sale to Amos will therefore be reversed and the cause remanded.

<div align="right">

*Reversed and remanded.*