# CHARLESTON

## ROBINSON v. GOLDMAN'S ADM'R et al.

Submitted January 23, 1906.   Decided February 27, 1906.

1. APPEAL.—*Procedure.—Review.*

   This Court exercises its appellate jurisdiction by appellate process only, and where no such process has been allowed, this Court is without power to review for error. (p. 148.)

2. APPEAL.—*Dismissal.*

   A case in which the appeal allowed must be dismissed as improvidently awarded because not allowed from any order or decree in the cause. (p. 148.)

Appeal from Circuit Court, Wetzel County.

Bill by Samuel I. Robinson against B. B. Postlethwaite and and others. Decree for defendants, and plaintiff appeals.

*Dismissed.*

T. P. JACOBS and B. T. BOWERS, for appellant.

HALL & HALL, for appellees.

COX, JUDGE:

This suit in chancery was brought in the circuit court of Wetzel county on the 29th day of May, 1903, by Samuel I. Robinson against B. B. Postlethwait, administrator of the estate of Benjamin Goldman, deceased, Frances Goldman in her own right and as widow of Benjamin Goldman, and his children and heirs.

The petition of Samuel I. Robinson for the appeal recites this fact, and further states: "Such proceedings were thereafter had in said cause, as the record of said cause shows, that on the 10th day of March, 1903, the said cause came on for a final hearing. The record of the said cause and of the final decree therein, of which your petitioner complains, is herewith exhibited.

"Your petitioner is advised and believes and so represents unto your honors that the judgment and ruling of the said circuit court made and shown by said final decree is erroneous, and that he is aggrieved thereby, and he here makes the following assignment as the error complained of.

"After the recovery of $2,792.39, as recited in said decree, the said circuit court further says: '*But the court doth refuse to hold that the same is a charge or lien against the undivided half interest of the defendant, Frances Goldman, in and to the real estate involved in this cause, being lots 94 and 95 of the town of New Martinsville, West Virginia, and doth refuse to enter any decree as to that matter.*' This, your petitioner claims, should have been done,

"For this error your petitioner humbly prays that an appeal be granted and allowed him from said decree of March 10th, 1903, and that the same be reversed and such decree entered, as is right and proper." The appeal was allowed as prayed for.

It will be observed that the date of the decree from which

an appeal was asked and allowed precedes the date of the bringing of the suit more than two months.   By examining this record we find that the final and only decree entered in this cause was a decree quashing the attachment and sustaining the demurrer to, and dismissing, the plaintiff's bill, entered on the 8th day of October, 1903, from which no appeal has been asked or allowed.   We might consider that the statement, contained in the petition, of the date of the decree from which the appellant intended to ask an appeal, was a clerical error or mistake, if it were not for the further statement therein of the substance of the decree complained of, and the error therein assigned, both wholly foreign to any matter contained in or adjudicated by the decree of the 8th day of October, 1903, in this suit.

It appears by the plaintiff's bill in this suit that there had been a former suit instituted by the appellant against Benjamin Goldman in his lifetime, Frances Goldman, his wife, and Max Goldsmith, and that such proceedings were had therein that a decree was entered on March 10th, 1903, a copy of which is made an exhibit with the bill in this suit. This decree in the former suit, according to the purport of such copy, gave a recovery in favor of appellant against the administrator of Benjamin Goldman for $2,792.39, Goldman having previously died.   This decree also contained the language in italics quoted above from the petition, and which, by the petition, is claimed to constitute error.   Therefore we have to abandon the idea of clerical error or mistake in stating the date of the decree intended to be appealed from by the appellant.   It is claimed that the bill in this suit is a bill of review, filed for the purpose of reviewing the decree in the former suit; but if so, no appeal from any order or decree in this suit has been asked or allowed.

· We have then this state of facts: A petition filed in this suit, accompanied by the record of this suit, which petition did not ask an appeal, and no appeal has been allowed, from any decree or order in this suit; but the petition prayed for an appeal from a decree in another suit, and assigned an error therein, and from that decree an appeal was apparently allowed without a transcript of the record of that suit.   We have no record upon which to review the decree in the former suit.   We have a record in this suit, but

no appeal upon which to review it. How this confusion arose we are unable to say.

This Court exercises its appellate jurisdiction by appellate process only, and where no such process has been allowed, this Court is without appellate power to review for error. The statute in substance, provides that with a petition for an appeal, writ of error or *supersedeas*, there shall be a transcript of the record of so much of the case wherein the judgment, decree or order is, as will enable the court or judge to whom the petition is to be presented, properly to decide on such petition, and as will enable the court, if the petition be granted, properly to decide the questions that may arise before it. Coce, chapter 135, section 5.

A case will be dismissed by the appellate court when it does not appear from the record that an appeal was taken. 2 Cyc. 1025; *Plumber* v. *People's Bank*, 73 Iowa 752; *Beard* v. *Arbuckle*, 13 W. Va. 732.

Under the facts here appearing we have nothing further to consider. The appeal granted must be dismissed as improvidently awarded.

*Dismissed.*