# CHARLESTON.

YELLOW PINE LUMBER CO. v. J. K. MAYS *et al.*

Submitted October 2, 1917.　Decided October 24, 1917.

1. ATTACHMENT—*Intervention—Procedure.*

　　The procedure in an attachment in equity and in an intervention therein is purely statutory and all parties interested are entitled to demand and have adherence thereto. Assertion of a judgment lien therein by an intervener does not convert it into a suit to enforce judgment liens. (p. 49).

2. SAME—*Lien—Statute.*

　　To protect their interests in the attached property, lienors must come into the suit by petition, as provided by sec. 23, ch. 106, Code. (p. 49).

3. SAME—*Intervention—Adjudication.*

An intervener in such a suit is not entitled to have an adjudication as to the validity of the attachment, until his right has been either admitted or established. (p. 50).

4. SAME—*Intervention—Lien—Question for Jury.*

If the title, interest or lien set up by the intervener depends upon documentary evidence, the question of its validity is one for determination by the court; but, in so far as it depends upon conflicting oral testimony, the statute, sec. 23, ch. 106, Code, requires it to be determined by a jury, unless the right of jury trial so given is waived. (p. 50).

5. JURY—*Jury Trial—Waiver.*

Waiver of the right to a trial by jury, to be binding, must be entered of record, and, in an attachment in equity in which a judgment lien is asserted, the right to enforcement of which involves an issue of fact proper for jury determination, the plaintiff's right to a jury trial cannot be deemed to have been waived by a reference of the cause to a commissioner and the taking of proof before him. (p. 50).

6. ATTACHMENT—*Jury—Lien—Question for Jury—Answer.*

In such case, the jury trial takes place upon the intervener's petition and without other pleadings for either party. An answer to the petition by the attaching creditor is neither necessary nor proper. (p. 51).

7. SAME—*Intervention—Petition—Sufficiency.*

A petition alleging the relation of suretyship between such an intervener and the defendant, in a judgment against both, his payment of the judgment under compulsion, and return of an execution showing no property of the principal found, and asserting right to the benefit of the lien of the judgment by subrogation, is sufficient on its face. (p. 51).

8. SAME—*Intervention—Suretyship—Question for Jury.*

If the alleged relation of principal and surety between the intervener and the defendant is not shown by documentary evidence, it is a question of fact for jury determination. (p. 52).

9. JUSTICES OF THE PEACE—*Process—Service—Contradiction.*

In such a proceeding, a return of substituted service on which a judgment rendered by a justice of the peace and asserted by the intervener, is founded, cannot be contradicted as to the place of residence of the defendant, by either him or the attaching creditor. (p. 52).

10. ATTACHMENT—*Intervention—Adjudication.*

If in such a roceeding, the intervener attacks the attachment for insufficiency of the affidavit or otherwise, but has not es-

tablished his claim and the defendant has appeared and admitted the debt claimed by the attaching creditor, and made no objection to the attachment, the intervener has no right to have an adjudication as to the validity of the attachment, the court cannot quash it on his motion, nor is the plaintiff entitled to a decree on the answer. (p. 54).

Appeal from Circuit Court, Kanawha County.

Suit in equity, with an attachment, by the Yellow Pine Lumber Company against J. K. Mays, in which C. A. Ellis and J. D. Wygal filed petitions to enforce judgment liens. Case heard on commissioner's report, plaintiff's exceptions to allowance of petitioners' lien overruled, motion to quash the attachment sustained, motion by the plaintiff for a decree in his favor on the answer of defendant overruled, and decree entered ordering sale of defendant's property to satisfy the liens, and plaintiff appeals.

*Decree and orders reversed, exceptions sustained, and cause remanded.*

*Alexander & McCabe* and *Morton & Mohler,* for appellant.

*P. H. Murphy,* for appellees.

POFFENBARGER, JUDGE:

The appellant, the Yellow Pine Lumber Co., a corporation, brought this suit in equity with an attachment, to subject certain real estate of the defendant, J. K. Mays, to the payment of a note for $236.41 and an open account amounting to $43.97. The property was subject to a vendor's lien in favor of R. W. Edmunds and Ruth P. Thomas for $600.00, with interest amounting to $117.00, at the date of the commissioner's report. Edmunds had another superior claim for taxes paid on the property, amounting to $40.21. Seeking the benefit of a judgment lien in favor of the Elk Banking Co., for $100.00, by way of subrogation, C. A. Ellis filed a petition in the cause, and the principal controversies arise between him and the plaintiff. Mays made no defense in the principal suit. On the contrary, he filed an answer admitting the indebtedness for which the attachment was issued and levied. He resisted the claim of Ellis vigorously, how-

ever. In his petition, and by a motion to quash, Ellis assailed the attachment, charging fatal defectiveness of the affidavit. Thereupon, an amendment was attempted by the filing of a new affidavit. The court having sustained a demurrer to his original petition, Ellis filed an amended one which he claims is broad enough in its allegations to comply with the requirements of a bill for the enforcement of a judgment lien, and would have had process thereon, but for a waiver of issuance and service thereof. On the filing of the answer of Mays, admitting the indebtedness set up in the bill and made the basis of the attachment, the plaintiff moved for a decree against him, but the court overruled the motion. Mays and the plaintiff filed answers to the amended petition of Ellis, denying his right to the relief set up therein. By two orders entered, one based upon the bill and entered before the appearance of Ellis, and the other on the amended petition, the cause was referred to a commissioner for inquiries and a report. Before the first order was executed, the court sustained Ellis' motion to quash the attachment, in consequence whereof no findings were made or reported thereunder. On the other, the commissioner reported the liens in favor of R. W. Edmunds, Edmunds and Thomas, C. A. Ellis and J. D. Wygal. The plaintiff excepted to the report, for the allowance of Ellis' lien, without establishment thereof by the verdict of a jury, disallowance of its own alleged attachment lien, as third in order of priority, and allowance of the Wygal judgment lien, as third, and the Ellis claim, as fourth, in order of priority. When the cause was heard on the commissioner's report, the exceptions were overruled, the report confirmed, the motion to quash the attachment, renewed by Ellis, again sustained, a new motion by the plaintiff to enter a decree in its favor, on the answer of Mays, overruled, and a decree entered ordering sale of the Mays property to satisfy the liens. From this decree, the plaintiff has appealed.

The procedure in the attachment suit and in the intervention is statutory. Neither party has any right beyond that given by the statute. Only a person interested within the meaning of the statute can intervene. He must claim

the attached property or an interest in it or a lien thereon. Code, ch. 106, sec. 23; *Smith* v. *Parkersburg Co-Op. Ass'n.,* 48 W. Va. 232; *Miller* v. *White,* 46 W. Va. 67. A mere ·creditor at large of the debtor is not such a person. *Crim* v. *Harmon,* 38 W. Va. 596.

To obtain an adjudication upon the question of the validity ·of the attachment, the intervener must establish his claim. If he has no such interest as the statute contemplates and protects, it is wholly immaterial to him whether the attachment is good or bad, and the court cannot hear him speak as a mere intermeddler between the litigating parties. He must file a petition stating the facts necessary to the establishment of the right he claims and sustain the averments thereof by documentary or oral evidence or both, as the nature of his case may require, and such issues of fact, arising on his petition, as are proper for jury determination must be disposed of by a jury trial, unless the right of such trial is waived.

If the averments of the petitions, taken as true, were sufficient to show right in the petitioner to the benefit of the judgment lien in favor of the bank, he had an incontestable right to file them and to dispute the validity of the plaintiff's attachment, and, on the establishment of his lien to have an appropriate order made for protection of his rights. Code, ch. 106, sec. 23. But, if the averments of his petitions were insufficient in law to constitute a lien or right in him, respecting the attached property, the court, on a proper objection interposed by the attaching creditor, should have refused to permit them to be filed. *Chapman* v. *Pittsburg & S. Railway Co.,* 26 W. Va. 299; *Smith* v. *Parkersburg Co-Op. Ass'n.,* 48 W. Va. 232, 250; *Crim* v. *Harman,* 38 W. Va. 596.

The facts stated in the petitions and admitted to be true, for the purposes of the demurrer thereto, give the petitioner right to enforce the lien of the judgment for his benefit. They are, substantially, that Mays was the principal debtor in the judgment and that the petitioner, his surety, has been compelled to satisfy the judgment. Having paid it, he is entitled to be subrogated to the rights of the bank, and the

judgment can be enforced against the real estate, because Mays has no personal property out of which it could be satisfied.    All of the facts essential to the existence of the right claimed by the petitioner were set up in the original petition.    Though the right of subrogation is vigorously denied, the argument against it is wholly without merit.    It is asserted against Mays, not the plaintiff.    If the plaintiff has a good attachment, it will prevail, because it antedates the judgment.    But, if the attachment is bad, it should not be permitted to defeat a clear right of subrogation against Mays.    The argument against this right invokes principles and authorities not applicable at all.    The petitioner is not seeking priority over a valid lien held by the plaintiff, a third person.    He denies that the plaintiff has any lien, and seeks enforcement of his own.    The court seems to have sustained a demurrer to the original petition, under the impression that one setting up a judgment lien in an attachment proceeding, must be the equivalent in all respects of a bill to enforce the lien of the judgment.    The statute, however, requires no more than a petition claiming title to the property or an interest in, or lien on the same, under any other attachment or otherwise, and stating its nature.    Obviously, therefore, the court improperly sustained the demurrer to the original petition.    The amended one was unnecessary, but it too was sufficient.

Though, on their faces, both petitions were sufficient, the facts averred therein are disputed.    The plaintiff and the principal defendant endeavored to raise issues respecting them by filing answers to the amended petition.    These answers were unnecessary.    On an intervention of this kind, no pleadings other than the petition are necessary or proper. On it, both parties may introduce all relevant, material and admissible evidence.    Code, ch. 106, sec. 23; *Lipscomb* v. *Condon Etc. Co.,* 56 W. Va. 416, syl. point 15.

Depositions returned with the commissioner's report disclose resistance of the intervener's claim, by the plaintiff, on two grounds: (1), lack of jurisdiction in the justice who entered the judgment on his docket, to render the same; and (2), lack of right in the petitioner to be subrogated to the

benefit of the judgment, if it is a valid one. At the time of the issuance and service of the summons and rendition of the judgment, the defendant was out of the state. The return shows service by delivery of a copy of the summons to his wife at his usual place of abode, but it is insisted that he was not then a resident of the state, wherefore there could be no substituted service. The other defense is that the petitioner was the principal debtor in the judgment and the defendant, Mays, merely an accommodation endorser on the note upon which the judgment is founded. In so far as these matters are admissible as defenses and the truth thereof depends upon conflicting oral testimony, they are questions for jury determination, if the right of jury trial was not waived.

As the first one involves contradiction of the officer's return, it is not available and cannot be admitted. The return of a constable on a summons issued by a justice, in a case in which he has jurisdiction of the subject matter, stating that he executed it by delivering a copy thereof to the defendant on a certain day, is conclusive evidence of a proper service, in a collateral attack upon the judgment founded thereon. *Milling Co.* v. *Read,* 76 W. Va. 557. A sheriff's return is conclusive in a direct attack upon a judgment of a court of general jurisdiction. *Talbott* v. *Southern Oil Co.,* 60 W. Va. 423. As to whether the return of a substituted service is conclusive of the question of the defendant's residence, the authorities in other jurisdictions are in conflict. Vanfleet, Col. Attack, sec. 476. Whatever the rule may be in direct attack, in such cases, very weighty considerations deny right to attack upon that ground in a collateral proceeding. The defendant has neglected the opportunity afforded him by the law to assail the judgment directly. Having done that, he comes into a collateral proceeding, for the purpose, without a good excuse, and after the judgment creditor and others dealing with him have had reason to believe no such attack was contemplated. If it is permitted, there is scarcely any limitation upon the time of the attack. Decisive evidence as to the fact in issue may have been lost by the death of witnesses or otherwise and the rights of third parties may have intervened. For these reasons, the

defendant himself should not be allowed to attack collaterally upon this ground and there are still other reasons for denial of the right to another creditor. The other ground of resistance is open to the plaintiff and raises an issue of fact. If Ellis is not virtually a surety of Mays, he has no right to the benefit of the judgment.

One of the assignments of error is based upon the refusal of the court to sustain an exception to the report of the commissioner, interposed before entry of the decree, because the claim set up in the petition was not inquired into and determined by a jury. In the first instance, the commissioner passed upon the issues and, in the rendition of the final decree, the court passed upon them. In the absence of a waiver of the right of trial by jury, entered of record, either party may insist upon it, and a trial by the court, without such waiver, is erroneous. Code, ch. 116, sec. 29; *Lipscomb* v. *Condon Etc. Co.*, 56 W. Va. 416, 445: A recital in the record that neither party required a jury and that the court was substituted in lieu thereof, is sufficient. *King* v. *Burdette*, 12 W. Va. 688. If the court has tried a case and the record is silent as to whether there was such waiver or not, it will be presumed that the statute was complied with. *Phelph & Pound* v. *Smith & Co.*, 16 W. Va. 522. In the case last cited, the waiver may have been entered of record and the order showing it omitted from the transcript. The statute requires the consent to be entered of record, and, in this case, the procedure is not aided by any presumption, since the suit is one in equity and the entire record is here.

Literally, the statute refers the whole inquiry as to the validity of the petitioner's claim, to a jury, but the effect of documentary evidence is a question for the court, and the jury's function is limited to issues dependent upon oral evidence. *Miller* v. *White*, 46 W. Va. 67, 72.

The intervener's right was further contested on the ground of alleged failure to file a sufficient bond to secure costs. The motion to require a larger bond and better security was not supported by any evidence, wherefore it cannot be perceived that the court erred in overruling it.

As the issue raised by the intervener was not legally dis-

posed of, the court properly overruled the plaintiff's motion for a decree, based upon the defendant's answer admitting the indebtedness claimed. If the intervener is entitled to the benefit of the judgment lien, the plaintiff's attachment cannot stand against him, unless it is founded upon a sufficient affidavit. If the original affidavit is bad and the supplemental one good, the latter will not sustain the attachment against a valid claim of the intervener, for it was filed after recovery of the judgment and the filing of the petition. The attachment may be good as between the plaintiff and defendant, from the date of the filing of the new affidavit. *Chapman* v. *Railway Co.,* 26 W. Va. 299.

Though a court may *ex mero motu* quash an irregular attachment in a case in which there has been no appearance, *McAllister* v. *Guggenheimer,* 91 Va. 317, the trial court did not, in this case, do so in that way. It sustained a motion of the intervener, notwithstanding the appearance of the defendant, his admission of the debt and acquiescence in the attachment. If the intervener is not entitled to the lien of the judgment, he has no right to call upon the court for any adjudication between the other parties, and the court could not say, as between them, the supplemental affidavit would not sustain the attachment, merely because it was a new one.

As Wygal filed no petition setting up the lien of his judgment, his claim was not properly before the court at all. Edmunds and Edmunds and Thomas should have filed petitions also. The suit is a special statutory one, not a creditor's suit nor one to enforce judgment liens. To protect their interests in it, lienors must come in under the provisions of the statute referred to. As in other cases, issues may be dispensed with by waivers and stipulations. In other words, title and liens claimed, prior or subsequent, may be admitted. Of course, there may be conditions justifying a reference to a commissioner, but the liens and other claims must be set up in the manner prescribed by the statute.

For the reasons stated, the decree complained of, the orders quashing the plaintiff's attachment, sustaining the demurrer to the intervener's original petition and referring

the cause to a commissioner, will be reversed, the exceptions sustained and the cause remanded.

*Reversed and remanded.*