# CHARLESTON.

### T. H. PATTON v. C. WARD EICHER et al.

Submitted January 20, 1920.   Decided February 3, 1920.

1. COURTS—*Quieting Title—State May Determine Title of Non-resident to Realty and Provide Methods for Imparting Notice.*
   The general control possesed by the state over property within its borders carries with it the power through its courts to protect titles to land situated therein against the claims of non-residents upon whom it is impossible to obtain personal service. Though the state's process goes not out beyond its borders to bring the person of a nonresident within its jurisdiction, yet it may determine the extent of his title to real estate within its limits, and, for the purpose of such determination, may provide any reasonable methods of imparting notice.   (p. 466).

2. QUIETING TITLE—*Circuit Court May Determine Title to Land as Against Nonresident Defendant and Grant Relief by Decree in Rem.*
   The circuit court of the county wherein the land lies has jurisdiction, on order of publication, to hear and determine the claim of a plaintiff that a nonresident defendant holds title to such land as trustee for the benefit of the plaintiff and subject to his right to have conveyance thereof made to him pursuant to the agreement alleged to exist between them.   And if, upon full and satisfactory proof, it determines the right to exist as plaintiff alleges, the court may grant relief by a decree in the nature of a decree in rem, appointing a special commissioner to convey the legal title.   (p. 468).

3. APPEARANCE—*Appearance to Challenge Jurisdiction is Not a Submission to Jurisdiction.*
   A defendant who appears in a cause for the special purpose of making a motion challenging the jurisdiction of the court in which such cause is pending does not thereby submit to such jurisdiction, whether his motion does or does not prove to be well founded.   (p. 369).

Appeal from Circuit Court, Ohio County.

Proceedings by T. H. Patton against C. Ward Eicher and others to quiet title.   The bill was dismissed for want of jurisdiction, and plaintiff appeals.

*Reversed and remanded.*

*Hubbard & Hubbard,* for appellant.

*J. M. Ritz,* for appellees.

Lynch, Judge:

This writ prosecuted by plaintiff below brings here for review the decree of the circuit court of Ohio County dismissing his bill for want of jurisdiction of the subject matter of the suit and of the persons of the defendants, neither of whom resides in this state and to whom the only notice of the pendency of the suit was by a duly executed order of publication. The material allegations of the bill are: That prior to February 23, 1917, plaintiff was the owner of an undivided one-third interest in 1553 acres of coal land situate in Ohio County, West Virginia, which was subject to the lien of a deed of trust executed by plaintiff in 1911 to defendant Cecil E. Heller, trustee, to secure payment of a bond issue aggregating $18,000; that defendant was unable to pay said indebtedness at its maturity on February 15, 1916, whereupon sale of plaintiff's property was advertised by the trustee for February 23, 1917; that on the day immediately preceding the sale the plaintiff, feeling confident of the immediate consummation of negotiations for a private sale of certain other coal land owned by him in Washington County, Pennsylvania, likewise subject to the same lien, at a price more than sufficient to pay off the entire indebtedness, apprised Heller of such negotiations, and they agreed between themselves that the latter should formally offer the Ohio County property for sale in accordance with the advertisement, and bid it in at the price of $5,000, and reconvey to plaintiff the title thereto upon his payment of the entire indebtedness when the private sale of the Washington County coal property was perfected, and an additional $1,000 to compensate the trustee for the services occasioned by the agreement; that accordingly the trustee proceeded to and did make such sale, and bid in the property at the price stipulated by them but in the name of defendant C. Ward Eicher, his personal friend, business partner and professional associate, who had full notice and knowledge of the agreement; that the property so sold was then worth approximately $50,000; that by deed dated February 27, 1917, the trustee conveyed said property to Eicher; that the private sale of the Washington

County coal land was delayed in consummation, but that plaintiff had procured other parties who were ready to take an assignment of plaintiff's indebtedness, pay the trustees the balance due thereon, and accommodate plaintiff by extending the time for payment thereof, and to pay the trustee or Eicher the said sum of $6,000 for a conveyance of the Ohio County coal and mining rights, pursuant to said agreement; that such persons, at the instance of plaintiff, offered such payments to the trustee and to Eicher, but each of them refused to accept the money and reconvey the property; that the plaintiff had at all times thereafter been able, willing and ready, and here offers, to pay to the defendants or either of them the $6,000, or such other amount as the court may deem proper, for the redemption of the property so sold; that the trustee on June 30, 1917, sold part of plaintiff's Washington County property and received at said sale a price sufficient to pay the remainder of his indebtedness; and that defendant Eicher now fraudulently asserts that he is the unconditional owner of the Ohio County property, free and discharged from any trust in favor of plaintiff.

The prayer of the bill asks that defendant Eicher be adjudged to hold title to the above mentioned coal lands as trustee for the benefit of the plaintiff and subject to the right of the plaintiff to have conveyance thereof made to him or his assigns upon payment of $6,000 or other proper compensation.

Defendants, evidently intending to avoid subjection of their persons to the jurisdiction of the court, "appeared specially * * * for the sole and only purpose of moving to dismiss said suit on the ground that it appears from the face of the record that the court does not have jurisdiction of the subject matter of said suit, or of the persons of the defendants." This motion the court sustained and dismissed the bill.

Plaintiff relies for reversal upon two propositions: (1) That this is a suit in rem in which the court can and should enter a valid decree upon constructive service; (2) that by uniting in a motion questioning the court's jurisdiction of the subject matter and of the persons of the defendants the latter have entered a general appearance.

With respect to the first proposition there can be but little doubt, in view of the decisions of this and other courts upon

similar questions. The situation here involved and the relief sought are analogous in many ways to suits to quiet titles and to remove clouds therefrom. The questions so raised and principles so involved are controlled by the third clause of the first section of chapter 123 of the Code, which confers jurisdiction upon the circuit court of Ohio County to entertain the suit, the land being therein, and discussed fully in *Tennant's Heirs* v. *Fretts*, 67 W. Va. 569, and *Birch* v. *Covert*, 83 W. Va. 752, 99 S. E. 92, which assert the power of the state through its courts to protect titles to land situate within its borders against the claims of nonresidents upon whom it is impossible to obtain personal service. The theory upon which service by publication rests in cases analogous to this is nowhere better expressed than by the Supreme Court of the United States in *Arndt* v. *Griggs,* 134 U. S. 316, 320: "If a state has no power to bring a non-resident into its courts for any purposes by publication, it is impotent to perfect the titles of real estate within its limits held by its own citizens; and a cloud cast upon such a title by a claim of a nonresident will remain for all time a cloud, unless such nonresident shall voluntarily come into its courts for the purpose of having it adjudicated. But no such imperfections attend the sovereignty of the state. It has control over property within its limits; and the condition of ownership of real estate therein, whether the owner be stranger or citizen, is subjection to its rules concerning the holding, the transfer, liability to obligations, private or public, and the modes of establishing titles thereto. It cannot bring the person of a non-resident within its limits—its process goes not out beyond its borders—but it may determine the extent of his title to real estate within its limits; and, for the purpose of such determination, may provide any reasonable methods of imparting notice." For the varied application of this principle see 4 Pomeroy's Equity Jurisprudence (4th Ed.), §1436. The case there cited of *Porter Land & Water Co.* v. *Baskin*, 43 Fed. 323, is closely similar to this.

But it is appellees' contention that a case of this character, involving personal transactions between the parties, is quite different from one where the right asserted rests upon written evidence. Of course the nature of the proof required in one case

may differ materially from that necessary in another. But if the right exists, the nature of the proof offered to establish its existence can make no difference other than by prompting the court always to require of plaintiff a full, clear and adequate establishment of the claim he asserts. When not evidenced by writing and where in such case the evidence is ambiguous or vague or dependent upon oral conversations, the court should examine carefully the character of the proof submitted to show the right to such relief.

Respecting the question whether defendants have entered a general appearance in the cause, we are disposed to give a negative answer. If they had restricted their motion to one challenging only the jurisdiction of the court over their persons because of nonservice of process upon them, there could have been no doubt in the matter, for it is generally held that a special appearance by a defendant for the purpose of denying the jurisdiction of the court over his person or property does not subject him to the general jurisdiction of the court. *United States Oil & Gas Well Supply Co.* v. *Gartlan,* 65 W. Va. 689; *Lebow* v. *Rope Co.,* 81 W. Va. 21; *Big Vein Coal Co. of West Virginia* v. *Read,* 229 U. S. 31; *Hitchman Coal & Coke Co.* v. *Mitchell,* 245 U. S. 229; 4 C. J. 1368. However, the defendants did not so restrict their motion, but broadened it to include also a challenge to the jurisdiction of the court over the cause of action. Many cases hold that a defendant may appear specially only for the purpose of denying the court's jurisdiction over his person, and that if he also challenges its jurisdiction over the cause of action, he waives want of service and enters a general appearance in the cause and submits himself to the personal jurisdiction of the court. 4 C. J. 1333, note 2, and cases cited.

We are not disposed, however, so to limit the right of a defendant. When he challenges the jurisdiction of the court over the cause of action, he is taking no step involving the merits of the case, none bearing any substantial relation to the cause. His objection is merely preliminary. He has not assumed the role of actor in the cause as yet, the test recently adopted by the United States Supreme Court in *Merchants' Heat & Light Co.* v. *Clow,* 204 U. S. 286, for he merely questions the right of the court to proceed with its hearing of the cause. A court acquires

personal jurisdiction over a defendant only by service of its process upon him summoning him to appear, or by his voluntary general appearance in the absence of service. Respecting the latter this court has said: "A general appearance must be express or arise by implication from the defendant's seeking, taking or agreeing to some step or proceeding in the cause, beneficial to himself or detrimental to the plaintiff, other than one contesting the jurisdiction only." *Fulton* v. *Ramsey,* 67 W. Va. 321, pt. 3 Syl.

In view of these facts it cannot fairly be said that defendants have entered a general appearance in the cause such as subjects them to the personal jurisdiction of the court. One of the purposes of their special appearance was to deny such personal jurisdiction over them. The part of the motion challenging the court's jurisdiction over the cause of action, though not well founded, was likewise preliminary and jurisdictional, involving the right of the court to sit in such a cause. There was no conduct on their part from which could be inferred or implied a recognition of the jurisdiction of the court over them. Every action contradicted it. Hence we hold that their appearance was special, not general, and that they did not submit themselves to the personal jurisdiction of the court. *Citizen's Savings & Trust Co.* v. *Ill. Cent. R. R. Co.,* 205 U. S. 46.

Our order, therefore, will reverse the decree and remand the cause.

*Reversed and remanded.*