# CHARLESTON.

DAVID E. LEMLEY *et al. v.* SAMUEL EAKIN *et al.*

(No. 5641)

Submitted October 6, 1926.   Decided October 12, 1926.

PARTNERSHIP—*Partner is Entitled to Notice of Filing of Petition by Receivers, Seeking to Subject His Realty to Sale for Partnership Debts, and, in Absence Thereof, Decree Based Thereon is Ineffectual as to Him.*

> Where, in a suit to settle a partnership, a judgment is taken against a defendant partner, and receivers are appointed to receive and collect moneys decreed therein against the partners by resorting to execution, and such receivers later file a petition in said suit, in which they seek to subject the realty of a defendant partner to sale to satisfy said judgment, said defendant is entitled to notice of the filing of said petition, and, in the absence of such notice, any decree based upon said petition is ineffectual for any purpose against him.

> (Partnership, 30 Cyc. p. 731.)

> (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Appeal from Circuit Court, Monongalia County.

Suit by David E. Lemley and another against Samuel. Eakin and another. From a decree appointing special commissioners to sell the named defendant's land to satisfy a judgment entered against him in a former decree, he appeals.

*Reversed and remanded.*

*Shaw & Shaw* for appellant.

*Donley & Hatfield, L. V. Keck* and *E. M. Everly* for appellees.

WOODS, JUDGE:

This appeal was taken from a decree of the circuit court of Monongalia county appointing special commissioners to make sale of appellant's real estate to satisfy a judgment entered against him in a former decree.

The original suit was instituted for the purpose of an accounting of the assets and liabilities of a partnership, the same having been dissolved by the death of one of the members thereof. The commissioners in chancery, to whom the matter was referred, subsequently filed their report, which was confirmed by a decree entered February 3, 1925. This decree, after decreeing sale of the property of C. C. Core, deceased, designated the liabilities of the appellant Eakin, and others, and appointed special receivers to receive said amounts, giving them the right to proceed by way of execution against any parties defaulting in payment of the same. An execution against Eakin disclosed the fact that his personal property was quite insufficient to satisfy the judgment against him. The receivers then addressed a petition to the court, setting up the judgment against Eakin in said decree of February 3, 1925, and praying for an order of sale of his real estate, which prayer was allowed by the entry of the decree appealed from, to-wit, the decree of July 22, 1926.

Eakin was duly served with process at the institution of the suit for an accounting. However, he claims that since that suit was not for the purpose of subjecting his real estate to sale, and that the said decree of February 3, 1925, did not decree a sale of his real estate to satisfy the judgment therein against him, that he should have been served with notice of the filing of said petition by the special receivers, and have been given an opportunity to answer the same.

Was Eakin entitled to notice of the filing of the petition? In the original suit there was no effort to subject any real estate to sale, except that of decedent Core. While there is an attempt to take a personal judgment against Eakin for the recovery of money, the enforcement of such, if it be capable of being enforced, against his realty, is not germane to the relief asked against him in the original suit. In chancery pleadings it is the disposition and practice of courts of equity to regard substance rather than mere form or name; consequently, a complaint filed by the pleader as

a petition, which has the offices of a bill, will be treated as such. *Sturm* v. *Fleming,* 22 W. Va. 404. The petition filed in the instant suit by the receivers, who were not parties to the original cause, was in effect another suit for the purpose of subjecting Eakin's realty to sale to satisfy the judgment decreed against him. "It is a rule * * * founded in the first principles of natural justice, that a party shall have an opportunity to be heard in his defense before his property is condemned." *Windsor* v. *McVeigh,* 93 U. S. 274. It is likewise elementary law that notice and an opportunity to be heard are essential to the jurisdiction of all courts, and such notice must be given by the issuance and service of process in the manner prescribed by law, unless waived. *Barrett* v. *McAllister,* 33 W. Va. 738; *Taylor* v. *Cox,* 32 W. Va. 148; *Haymond* v. *Camden,* 22 W. Va. 180; *Capehart* v. *Cunningham,* 12 W. Va. 750. Jurisdiction must always affirmatively appear by proper process, and due and legal execution on or acceptance of service by or on behalf of the defendant. *Smith Insurance Agency* v. *Hamilton Fire Insurance Co.,* 69 W. Va. 129; *White* v. *White,* 66 W. Va. 79. Eakin was entitled to notice. In the absence of such notice any decree based upon the petition in this cause is ineffectual for any purpose as against him.

Appellant also attacks the decree of February 3, 1925, and moves to amend his petition to include the same, on the grounds that it is void because there is no pleading in the cause upon which the same could have been founded, because the amount of the judgment is not certain, and for other reasons. The validity of this decree can be dealt with when it is sought to be enforced in a proper suit.

The appellant's motion to reverse the decree of July 22, 1925, is sustained and the cause remanded.

*Reversed and remanded.*