## CHARLESTON.

C. W. TABOR *v.* RICHARD P. BAER *et al., Partners, Etc.*

(No. 6523)

Submitted September 10, 1929.   Decided September 17, 1929.

*Geo. S. Wallace,* for plaintiffs in error.
*File, Goldsmith & Scherer,* for defendant in error.

Woods, President:

The crucial question raised by this writ of error is whether the defendants made a general or special appearance. The defendants are non-residents. Concurrent with the institution of the action for damages, an attachment was sued out and a levy made on certain properties alleged to belong to defendants. The case having been matured for hearing, the defendants, on December 17, 1928, by J. H. McGinnis, an attorney of the local bar, as the order of that date recites, "appeared specially and for no other purpose and moved to dismiss this case upon the ground that the plaintiff had not attached any property of the defendants, and upon the further ground that the order of publication was insufficient because it did not describe the estate or property of the defendants which the plaintiff seeks to subject to the payment of this debt." This motion was overruled. McGinnis then withdrew, stating that he would make no further appearance in the case. The case, on the court's own motion, was continued to the next term. Two days later a second summons was issued and served on defendants in Maryland. At the February term no further appearance by defendants being made, a jury was impaneled and damages assessed. Personal judgments were entered against defendants. McGinnis later discovering that his motion of December 17th had been construed as a general appearance, appeared at the bar of the court, and, as an officer thereof, asked that said order of December 17th be corrected in certain particulars. On April 26th the defendants, by other counsel, after notice to counsel for plaintiff, made an appearance under section 5, Chapter 134, Code, and moved that the order of February be set aside, in so far as it attempted to take a personal judgment. Both motions were overruled May 4, 1929. The defendants are now seeking to have the order of May 4th, and so much of the order of February as enters a personal judgment against them, reversed.

In determining whether an appearance is general or special, courts look to matters of substance rather than to form, and to the state of the record at the time the motion was made.

*Fisher, Sons & Co.* v. *Crowley*, 57 W. Va. 312. If an appearance in effect is general, the court will so regard it, though the defendant denominates his appearance a special appearance. When, however, only a special appearance manifestly is intended, and one only to challenge jurisdiction of person or property, and to invoke a ruling on that question, and nothing else, the court may not enlarge the appearance, for the extent to which a defendant submits himself to the jurisdiction when he voluntarily comes in is determined by his own consent. It is a doctrine of universal application in the courts of the country that the appearance of a defendant in an attachment case to challenge the jurisdiction of the court over his person or property is a special and not a general appearance and does not of itself give the court jurisdiction to proceed with the trial upon its merits. 2 R. C. L., p. 332. Courts are liberal in dealing with pleadings involving this class of actions. Indeed, the court may *ex mero motu* quash an irregular attachment in a case where there has been no appearance. *Yellow Pine Lumber Co.* v. *Mays,* 81 W. Va. 46. In this state any party interested may move the court to quash an affidavit and attachment. *Capehart* v. *Dowery,* 10 W. Va. 130. While appearance of a defendant in a case and moving to dismiss it may, in many instances, amount to a general appearance, the pertinent inquiry in such case is: Was the motion based or made on some ground or grounds other than want of jurisdiction of the person or property, or on no specific ground, or merely a general motion, without specifying anything? In respect to the essential character of the questions raised here by the first appearance, they are not distinguishable from one of the legality of the service of summons upon the defendant. They did not pertain to the merits of the case, but lay at the threshold, and upon an affirmative answer depended the power of the court to hear and determine the cause. In legal phraseology that power is termed "jurisdiction." The great weight of authority is to the effect that the person over whom personal jurisdiction has not been obtained may appear specially to set aside the attachment of property. Drake on Attachments, section 112, and cases there cited. Hence, a court without personal serv-

ice can acquire no jurisdiction over the person, and, when it attempts to assert jurisdiction over property, it should be open to the defendant to specially appear to contest its control over such property; in other words, to contest the ground of its jurisdiction.

The appearance here, as evidenced by the order, was not to object to the subject matter of the action, as is contended by the plaintiff. The subject matter of the action is a demand for damages, which can only be prosecuted to efficient conclusion and be satisfied out of the property attached. In other words, the motion to dismiss the case here, on the ground that the plaintiff had not attached any property of the defendants, does not question the merits, but merely moves the court to discharge the attachment for want of the jurisdictional facts to sustain it, and asks no relief the granting of which would be inconsistent with an entire want of jurisdiction over the person, and therefore does not appear in the action so as to authorize the court to proceed to judgment against him. The further ground urged, as shown by the order, is that the order of publication was insufficient. This goes to the sufficiency of the process and is a special appearance on its face. That neither the court nor counsel was misled by the defendant's action is shown by the order wherein it is solemnly declared to be a special appearance. That the plaintiff recognized that such appearance as had been made by J. H. McGinnis was not a general appearance is shown not only by the admitted fact that after such appearance had been made, counsel for the plaintiff told McGinnis that if he would put in a general appearance, he would release the attachment on the lumber, but by the further fact that personal service was made, subsequent to the entry of the order in question, on the defendants in their home state.

Whether such motions have merit is not material. *Lebow v. Macomber, etc., Rope Co.,* 81 W. Va. 21. So, where one appears specially for the purpose of making any motion challenging the jurisdiction of the court in which such case is pending, he does not thereby submit to such jurisdiction, whether his motion does or does not prove to be well founded.

*Patton* v. *Eicher*, 85 W. Va. 465. The appearance in the last cited case was strikingly similar in scope to the one under consideration here.

Therefore, tested by an application of the foregoing principles and precedents, the appearance in the instant case amounted merely to a special appearance challenging the jurisdiction of the court, and it follows that so much of the judgment of February 27, 1929, as attempts to bind the defendants personally, is void, and the motion, under section 5 of Chapter 134 of the Code, to set it aside, should have been sustained. This interpretation of the entered order makes a consideration of the court's action on the motion made to correct such order unnecessary.

*Reversed.*