DALE DUNCAN, *et al.*

*v.*

TUCKER COUNTY BOARD OF EDUCATION, *et al.*

(No. 12326)

Submitted January 26, 1965.     Decided March 9, 1965.

*W. Del Roy Harner, J. Pat Nichols,* for plaintiffs in error.

*Bonn Brown,* for defendants in error.

CALHOUN, JUDGE:

The petitioners, appellees, undertook to proceed by mandamus in the Circuit Court of Tucker County to compel

the respondents, appellants, Tucker County Board of Education, the individual members of that body, and the county superintendent of schools, who is *ex-officio* secretary of the board, to rescind and set aside an order previously entered, or an action previously taken, by the board by which it closed a public school located in the Town of Thomas in Tucker County.

The mandamus petition alleges that the board's action in closing the school was based on a request of the state superintendent of schools and the state fire marshal. The petition prays that the respondents be directed and required to accept an offer of the petitioners and other citizens to contribute an unspecified sum of money toward repair and renovation of the school building; to make proper repairs; and to order the reopening of the school.

The mandamus petition was filed in the office of the clerk of the circuit court on July 24, 1963, and on the same day the clerk issued a summons pursuant to R. C. P. 4, which required the respondents to answer the "complaint" within twenty days. A copy of the mandamus petition, as well as a copy of the summons, was served upon each respondent. On August 9, 1963, the respondents, by counsel, filed with the clerk of the circuit court a writing which was designated as a "Motion Under Rule 12 (b)", by which the respondents moved to dismiss the action on the ground that the complaint failed to state a claim against the defendants upon which relief could be granted. A ground for the motion was stated therein as follows: "The proceeding is brought under the W. Va. R. C. P. and prays for the issuance for a Writ of Mandamus. Rule 81 (a) (5) provides that the Rules do not apply to a proceeding for a Writ of Mandamus. Mandamus is a statutory remedy provided for in Chapter 53, Article 1 of the West Virginia Code. Section 5 of said Article provides that the judge to whom the Petition in Mandamus is presented shall, if the Petition makes a prima facie case, issue a Rule against the Defendants to show why the Writ prayed for should not be awarded. The section further provides that a copy of the Petition shall

accompany service of the Rule and that the Rule shall be returnable at a time to be fixed by the judge."

Counsel for the respondents gave notice that the motion would be brought before the court for hearing on August 22, 1963. A brief was filed by counsel for the respondents in support of the motion and counsel for the petitioners filed a reply brief.

A court order discloses that the parties appeared before the court in person and by counsel on August 22, 1963, "pursuant to a letter from the Court to the respective Attorneys setting this matter for hearing on this date." The order contains the following additional language: "The Defendants by their Attorneys having previously filed herein a Motion to Dismiss this action under Rule 12 (b), the Court announced that it was overruling said Motion for the time being and directed the parties to proceed with the taking of testimony. Counsel for the Defendants objected to proceeding with testimony before the time permitted by the rules for the filing of the Defendants' answer." The taking of testimony was commenced on that day, continued on the next day and the further taking of testimony was continued to October 3, 1963, and from that date to October 17, 1963.

An order entered by the trial court on December 11, 1963, recites the appearance of all parties by counsel; that the testimony had been previously completed and transcribed; that the motion to dismiss made previously by the respondents was overruled, to which action the respondents by counsel excepted; and that a writ of mandamus was awarded. The terms and conditions of the writ are rather lengthy and we do not deem it necessary to a decision of the case to state the details of such terms and conditions.

By an order entered on December 20, 1963, the court overruled various motions made in behalf of the respondents and granted to the respondents a stay of sixty days from that date to apply to this Court for an appeal. A writ of error was granted by this Court on April 6, 1964.

We are of the opinion that the motion of the respondents to dismiss the proceeding should have been sustained and

that the proceeding should have been dismissed by the trial court.

Rule 81 (a) (5) of the Rules of Civil Procedure is as follows: "These rules do not apply to proceedings under the writs of mandamus, prohibition, certiorari, habeas corpus, and quo warranto, and upon an information in the nature of a quo warranto." The mandamus proceeding involved in this case was commenced and apparently proceeded to final judgment pursuant to the Rules of Civil Procedure. The respondents appeared at the first opportunity and objected to the jurisdiction of the court on the ground that the proceeding had not been instituted in the manner prescribed by statute. Jurisdiction of the person may be conferred by consent or waiver, but parties cannot by consent confer jurisdiction of the subject matter. Consent of parties cannot confer upon a court jurisdiction which the law does not confer. *State ex rel. Hammond* v. *Worrell,* 144 W. Va. 83, pt. 4 syl., 106 S. E. 2d 521; *Yates* v. *Taylor County Court,* 47 W. Va. 376, pt. 2 syl., 35 S. E. 24.

An appearance for any purpose other than to question the jurisdiction of the court, or to set up lack of process, or defective service thereof, is a general appearance. *Smith* v. *Smith,* 138 W. Va. 388, pt. 3 syl., 76 S. E. 2d 253; *Bennett* v. *Bennett,* 137 W. Va. 179, pt. 1 syl., 70 S. E. 2d 894; *Stone* v. *Rudolph,* 127 W. Va. 335, pt. 1 syl., 32 S. E. 2d 742. Conversely, an appearance to challenge the court's jurisdiction of the person or the subject matter is a special appearance and jurisdiction is not thereby conferred. *Patton* v. *Eicher,* 85 W. Va. 465, pt. 3 syl., 102 S. E. 124. It is not essential for the party appearing to challenge the jurisdiction of the court to state expressly that he is appearing specially for that purpose. In determining whether an appearance is general or special, courts look to matters of substance rather than to form, and to the state of the record at the time the motion is made. *Tabor* v. *Baer,* 107 W. Va. 594, pt. 2 syl., 149 S. E. 675; *M. Fisher, Sons & Co.* v. *Crowley,* 57 W. Va. 312, pt. 4 syl., 50 S. E. 422. We believe that it appears quite clearly from the record that the initial appearance of the respondents was to challenge the jurisdiction of the court

and that, over proper objection, the respondents were required to proceed to a trial or hearing of the case on its merits.

Article VIII, Section 12 of the Constitution confers jurisdiction upon circuit courts in mandamus proceedings; but the procedure by which a circuit court acquires jurisdiction in a mandamus proceeding is set forth in Article 1 of Chapter 53 of Code, 1931, as amended. Section 2 provides in part: "A rule to show cause as hereinafter provided for may be issued by a judge of a circuit court or of the supreme court of appeals in vacation." It will be noted that this section does not authorize any person other than a judge to issue a rule to show cause in the vacation of the court. Section 3 provides: "Application for a writ of mandamus or a writ of prohibition shall be on verified petition."

The procedure by which a circuit court obtains jurisdiction to entertain and to hear a proceeding in mandamus is stated more fully in Section 5 as follows: "The court or judge to whom the petition in mandamus or prohibition is presented shall, if the petition makes a prima facie case, issue a rule against the defendant to show cause why the writ prayed for should not be awarded. A copy of the petition shall accompany service of the rule. Such rule shall be returnable at a time to be fixed by the court or judge."

It is clear from the statutory provisions referred to above that the issuance of a rule to show cause in a mandamus proceeding is a judicial function which can be performed only by a court or by a judge in vacation. The application for the writ, in the form of a verified petition, must be presented to the court if it is in session, and if it is not in session to a judge in vacation. The court or judge, upon inspection of the petition, must determine whether the petition makes a *prima facie* case. If the court or judge determines that the petition makes a *prima facie* case, the court or judge, as the case may be, shall issue the rule to show cause. The court or judge must fix the time at which the rule shall be returnable. None of these judicial functions was performed by the court in term or by a judge in vaca-

tion. Therefore, the court did not obtain jurisdiction to hear matters arising upon the mandamus petition for the very simple reason that the essential prerequisites to obtaining jurisdiction were not followed. "It is a general rule that every state may, within its constitutional authority, prescribe the manner in which its courts shall acquire jurisdiction; * * * In any case, due modes or procedure must be pursued in order that the court may obtain jurisdiction, and where the mode of acquiring jurisdiction is prescribed by statute compliance therewith is essential or the proceedings will be a nullity, * * *." 21 C.J.S., Courts, Section 80, page 121. See also *Coleman* v. *Virginia Stave & Heading Co.,* 112 Va. 61, 70 S. E. 545.

The rule to show cause, under the statutes, performs the function of process, and the issuance and service thereof in the manner prescribed by statute, unless waived, are essential to the jurisdiction of a court to entertain a proceeding in mandamus. *State ex rel. Smith* v. *Bosworth, Judge, etc., et al.,* 145 W. Va. 753, 117 S. E. 2d 610. The second point of the syllabus in that case is as follows: "The issuance and the service of process in the manner prescribed by statute, unless waived, are essential to the jurisdiction of the trial court to entertain a proceeding in mandamus." To the same effect see *Manypenny* v. *Graham,* 149 W. Va. 56, 138 S. E. 2d 724. This Court has repeatedly held that the issuance and service of process in a manner prescribed by law are essential prerequisites to the court's jurisdiction of the suit, action or proceeding. *Reed* v. *Schwarz,* 139 W. Va. 859, 81 S. E. 2d 725; *Town of Camden on Gauley* v. *O'Brien et al.,* 138 W. Va. 787, pt. 7 syl., 79 S. E. 2d 74; *State ex rel. Staley* v. *Hereford, Judge, etc.,* 131 W. Va. 84, 45 S. E. 2d 738; *Evans* v. *Hale,* 131 W. Va. 808, 50 S. E. 2d 682; *Pettry* v. *Shinn,* 120 W. Va. 20, 196 S. E. 385; *Lemley* v. *Eakin,* 102 W. Va. 317, 135 S. E. 178; *Robinson* v. *Goldman's Adm'r. et al.,* 59 W. Va. 145, 53 S. E. 12; *Moore* v. *Holt and Others,* 55 W. Va. 507, 47 S. E. 251.

Perhaps there has been some confusion in prior decisions of this Court relating to the extent to which a party, by making a general appearance, waives objections previ-

ously made by appearing specially. A defendant who has not been served with process and who appears specially to dismiss the action on that ground, the motion being overruled, does not waive the benefit of the motion by subsequently making a general appearance. *Hayhurst* v. *J. Kenny Transfer Co.*, 110 W. Va. 395, pt. 2 syl., 158 S. E. 506. In *Blair* v. *Henderson*, 49 W. Va. 282, 286, 38 S. E. 552, 554, the Court stated: "A general appearance, * * * operated as a waiver of any defect in the summons or return if the defect complained of is an irregularity only." In *M. Fisher, Sons & Co.* v. *Crowley*, 57 W. Va. 312, 320, 50 S. E. 422, 425, the Court, in making a distinction between defective process and a mere defect in the service or return, stated: "For the proposition that proceeding to trial and judgment after a motion to quash a defective summons is a waiver of the defect, there is absolutely no authority in this state." The *Crowley* case is quoted with approval in point 8 of the syllabus and in the body of the opinion in *Town of Camden on Gauley* v. *O'Brien et al.*, 138 W. Va. 787, 79 S. E. 2d 74. In that case the Court stated (138 W. Va. 800, 79 S. E. 2d 82) that the defendants, by demurring to the declaration and by filing a plea of the general issue, "were not precluded thereby from asserting, as they now do in this Court, that the process is void as distinguished from being merely defective, because it was made returnable to an impossible return day." To the same effect see *Hall* v. *Ocean Accident & Guarantee Corporation*, 122 W. Va. 188, 9 S. E. 2d 45. The recent case of *Stone* v. *Rudolph*, 127 W. Va. 335, 32 S. E. 2d 742, involved merely an alleged defect in the service of process. We regard the process in this case as being not merely defective but utterly void because unauthorized by any law of this state.

The appearance in this case was not one freely or voluntarily made; but rather it was an appearance made in obedience of the trial court's direction to "the parties to proceed with the taking of testimony." In *Nolan* v. *Jensen*, 171 F. Supp. 351, 359, affirmed in 272 F. 2d 630, the court stated: "We think it a safe rule to follow that a party appearing specially may nevertheless obey the orders of any court, even to the extent of participating in the trial

of the merits, without waiving the special appearance. In obeying the orders of the court, the party having noted a special appearance does not solicit, ask, or seek to procure any action of any kind on the merits. To hold otherwise would invite contempt proceedings, as well as judgments or decrees by default."

We are constrained to hold that the failure in this case to observe even a substantial compliance with the procedure clearly prescribed by statute was of such nature as to render the judgment of the trial court void for lack of jurisdiction. For reasons stated, the judgment of the Circuit Court of Tucker County is reversed and the case is remanded to that court with direction to dismiss the proceeding at the cost of the petitioners in the mandamus proceeding.

*Reversed and remanded with direction.*