# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: M.K. & C.K.**

**No. 14-1117** (Wood County 14-JA-36 & 14-JA-37)

**FILED**

March 16, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel William Summers, appeals the Circuit Court of Wood County's September 30, 2014, order terminating his parental rights to two-year-old M.K. and five-year-old C.K. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Lora Snodgrass, filed a response on behalf of the children that supports the circuit court's order. On appeal, Petitioner Father argues that the circuit court erred in proceeding to a dispositional hearing because he was never personally served with a copy of the abuse and neglect petition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2014, the DHHR filed an abuse and neglect petition against petitioner alleging that he was operating a clandestine methamphetamine drug lab in his residence.[1] The petition also alleged that petitioner failed to supply his children with proper nutrition and hygiene. Several weeks later, the circuit court held a preliminary hearing during which petitioner was present and represented by counsel.[2] In June and July of 2014, the circuit court held adjudicatory hearings. Petitioner failed to attend both hearings but was represented by counsel. After considering all of the testimony, the circuit court found that petitioner was an abusive and neglectful parent. In September of 2014, the circuit court held a dispositional hearing and terminated petitioner's parental rights. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether

---

[1]Petitioner was arrested for operating a clandestine methamphetamine drug lab. The record is devoid of any information concerning any pending charges.

[2]Petitioner was not served with a copy of the abuse and neglect petition.

1

such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in proceeding to a dispositional hearing because the circuit court lacked personal jurisdiction. Specifically, petitioner contends that he was not personally served with a copy of the petition for abuse and neglect as required by West Virginia Code § 49-6-1(b). West Virginia Code § 49-6-1(b) reads that

[t]he petition and notice of the hearing shall be served upon both parents . . . . In cases wherein personal service within West Virginia cannot be obtained after due diligence upon any parent or other custodian, a copy of the petition and notice of the hearing shall be mailed to the person by certified mail, addressee only, return receipt requested, to the last known address of such person. If the person signs the certificate, service shall be complete and the certificate shall be filed as proof of the service with the clerk of the circuit court. If service cannot be obtained by personal service or by certified mail, notice shall be by publication as a Class II legal advertisement in compliance with the provisions of article three, chapter fifty-nine of this code. A notice of hearing shall specify the time and place of the hearing, the right to counsel of the child and parents or other custodians at every stage of the proceedings and the fact that the proceedings can result in the permanent termination of the parental rights. Failure to object to defects in the petition and notice shall not be construed as a waiver.

Upon our review, the Court finds no error in the circuit court proceeding to a dispositional hearing. "A court acquires personal jurisdiction over a defendant only by service of its process upon him summoning him to appear, or by his voluntary general appearance in the absence of service." *Patton v. Eicher*, 85 W.Va. 465, 102 S.E. 124, 126 (1920). "A 'general appearance' must be express or arise by implication from the defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff, other than one contesting the jurisdiction only." Syl. Pt. 3, *Fulton v. Ramsey*, 67 W.Va. 321, 68 S.E. 381 (1910). The record reflects that petitioner made a general appearance in the underlying proceedings. The record is devoid of any evidence that petitioner challenged the lack of personal service or indicated that he was appearing only for the purpose of contesting jurisdiction during the preliminary hearing. The record supports that petitioner attended and waived his right to a preliminary hearing, participated in multidisciplinary team meetings, attended several visits with his children, and was represented by counsel throughout the underlying proceedings. Further, during the dispositional hearing, petitioner conceded that did

not suffer any prejudice by being subject to the circuit court's jurisdiction. "[W]hen substantial rights are not affected, reversal is not appropriate." *Tennant v. Marion Health Care Found.*, 194 W.Va. 97, 111, 459 S.E.2d 374, 388 (1995). For these reasons, under the limited circumstances of this case, the Court finds no err in the circuit court's decision to proceed with petitioner's dispositional hearing.

For the foregoing reasons, we find no error in the decision of the circuit court and its September 30, 2014, order is hereby affirmed.

Affirmed.

**ISSUED:** March 16, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II