# Marsteller *versus* Marsteller.

1. The Statute of Limitations does not begin to run until a right of action is complete. A cause of action does not exist, unless there be a person in existence capable of suing or being sued.

2. The rule is, that the statute begins to run at the date suit may be commenced, and once begun it is not stayed by a party's death. If no action accrued prior to the death, none accrues until grant of administration and the statute runs from such grant.

3. In an action on a simple contract, it is not required that the amount of the debt should be stated in the præcipe or the summons. The verdict may be for a sum not exceeding that named in the declaration.

4. In such an action, any writing that contains evidence pertinent to the issue, whether will or mortgage, is admissible, although not set forth in the *narr.*, as the claim is not grounded on a writing.

March 2d 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas of *Lehigh county:* Of January Term 1880, No. 89.

Debt by William H. and Oliver F. Marsteller, administrators of Sarah Elweina Marsteller, deceased, against Henry Franklin Marsteller.

The plaintiffs were the sons of the decedent, who died intestate in 1864. The defendant was their father. Letters of administration were granted to the plaintiffs in 1876, when this action was

[Marsteller *v.* Marsteller.]

brought. Neither the præcipe nor the writ recited the specific amount of the debt.

The first count of the *narr.* averred an indebtedness of $10,000 "for work and labor, care and diligence performed and bestowed for the said defendant at his special instance and request."

The second count, that the intestate "lent to the defendant, and that the said defendant borrowed a large sum of money, the sum of $10,000," &c.

The third count, that the intestate "laid out and expended $10,000 at the special instance and request of the defendant," &c.

The fourth count, that the defendant "had and received to the use of the intestate $10,000 to be paid, &c., when he should thereafter be requested," &c. The time in all four of the counts was laid as of January 1st 1875.

To this *narr.* the defendant below entered the pleas of *nil debet;* the Statute of Limitations, because suit was not brought within six years from the death of the intestate, and the special plea that the plaintiffs could not recover, because the summons did not set forth the sum demanded.

At the trial the plaintiffs offered in evidence the will of Peter Smoyer, the father of plaintiffs' intestate, dated November 26th 1842, devising thirty-three acres of land and bequeathing $500 to his daughter Elweina. Objected to, because the plaintiffs have brought an action of debt, and have so declared, and because the will is not set forth in the *narr.* The court overruled the objections and admitted the will. (Fifth assignment of error.)

The plaintiffs also offered in evidence the record of a mortgage by Henry Franklin Marsteller to Lovina Marsteller, his wife, dated the 5th of April 1856, to secure the payment of bonds of $5000, payable on the 1st day of April 1857, with interest from date, with entry of satisfaction of the same on the margin, January 31st, with no year attached to it, signed by Lovina Marsteller, and acknowledged before the recorder. Defendant objected to the offer of record of mortgage under the pleadings as inadmissible, and as not being declared upon in the *narr.* Objections overruled. (Sixth assignment of error.)

There was evidence that in 1850 defendant and his wife had sold the land devised by decedent's father, and that when defendant acquired other property he gave his wife a mortgage thereon ; that in 1874, ten years after the death of his wife, the defendant had admitted his previous indebtedness to her. and had mentioned a judgment note which he had given to her, and which he had destroyed after her death. There was also evidence that this note had been given after the decedent had satisfied the mortgage, and that it was given to secure the same debt. When their mother died in 1864, the plaintiffs were fourteen and twelve years of age respectively. There were also three other children whose ages did not

[Marsteller *v.* Marsteller.]

appear. There was evidence that the decedent had declared that she had made a gift of the property to the defendant. The defendant submitted, inter alia, the following points, to which are appended the answers of the court:

2. Under the pleadings (no sum being stated in the writ) the plaintiffs cannot recover.

Ans. "We answer that point in the negative." (First assignment of error.)

4. The plaintiffs cannot recover, because of the bar of the Statute of Limitations.

Ans. "This point is also answered in the negative. It is contended by the defendant, that because more than six years have gone by from the time of the death of Mrs. Marsteller up to the time of the bringing of this suit, the plaintiffs cannot recover in this case. We merely say for the purposes of this case that we cannot affirm this point, and that the Statute of Limitations is not applicable to the facts of this case. (Third assignment of error.)

In the general charge the court, Meyers, P. J., inter alia, said: "The plaintiffs in this case contend that in 1842 Peter Smoyer, who was the father of plaintiffs' intestate, made a will and devised some property to his daughter, the wife of the defendant; that this devise consisted of real estate, upon which a certain valuation was placed by the testator; that after the death of Peter Smoyer, which took place before 1850—because we find from the evidence that the will was admitted to probate in April 1850—this real estate was sold by the defendant and his wife, and that subsequently, when the defendant acquired some other real estate, he gave to his wife, on or about the 5th of April 1856, a bond and mortgage for $5000, which was payable on the 1st of April 1867. The fact of this mortgage is undisputed. The record is in evidence, and, so far as the identity of the parties is concerned, no evidence has been offered to contradict it." (Eleventh and twelfth assignments of error.)

The verdict was for plaintiffs for $5000, with interest from January 1866 to May 6th 1879—total, $8980; and, after judgment thereon, the defendant took this writ, and alleged that the court erred, inter alia, as set forth in the foregoing assignments of error.

*Thomas B. Metzger* and *A. B. Longaker*, for plaintiffs in error. —In Pennsylvania, the judgment in debt is for the whole demand, if the verdict is not greater than the sum mentioned in the writ; but when the debt and interest exceed that sum, it should be in debt for the sum demanded and in damages for the residue: Reed *v.* Pedan, 8 S. & R. 263; Friedly *v.* Scheetz, 9 Id. 156; Graff *v.* Graybill, 1 Watts 428. These authorities show that the sum claimed by the suitor must be contained in the writ; and if the sum must be named in the writ, why not in the præcipe for the

[Marsteller v. Marsteller.]

writ? In the case at bar, neither the præcipe, writ, nor *narr.* states the sum demanded. The evidence adduced at the trial does not show the sum demanded, yet the court below allowed the jury to assess a judgment against the defendant for the sum of $8980. The minority of the intestate's children, it is claimed, tolls the statute because no administration could have been raised by them. As to three of these children, there is no evidence as to their ages. For aught the court or jury could know, these three may have been of age at the death of their mother, or at least very soon thereafter. But however this may be, it has been decided that want of administration does not toll the statute: Man v. Warner, 4 Whart. 454; Campbell v. Fleming, 13 P. F. Smith 245; Byrd v. Byrd, 28 Miss. 144; Brown v. Merrick, 16 Ark. 612; Tynan v. Walker, 35 Cal. 634; Baker v. Brown, 18 Ill. 91.

There was no evidence showing that the defendant ever gave to his wife a mortgage of $5000, or of any other amount, about April 5th 1856, or at any other time. The plaintiffs' offer boldly asserted that the defendant, Henry Franklin Marsteller, gave to Lovina, his wife, a mortgage dated April 5th 1856 for $5000. The mortgage itself shows that one Franklin Marsteller gave to Levi Marsteller of that date a mortgage of $5000. *Dehors* the offer and the instrument itself, there is no testimony showing that Sarah E. Marsteller, the plaintiffs' intestate, is or was intended to be Levi Marsteller or Lovina Marsteller; nor is the party of the first part recited to be the wife of the mortgagor. The mortgage throughout, when it describes the party of the second part, uses the masculine gender, and denominates the person intended as him or his heirs and assigns. Surely this offer was inadmissible under the pleadings.

*Edward Harvey* and *C. J. Erdman,* for defendant in error.— In debt on simple contract, express or implied, to pay money in consideration of a precedent debt or duty, the subject-matter of the debt is to be described precisely as in the common counts in assumpsit; * * * and it is not necessary to set forth the nature or particulars of the debt with more precision than in that action: 1 Chitty on Pleading *361–2. There is no rule requiring the *narr.* to exhibit the proof to be adduced. During the lifetime of the wife she was incapacitated from suing her husband to recover the loan. No right of action ever accrued to her. There was not only no obligation to sue, but actually no capacity: Kutz's Appeal, 4 Wright 90; Towers v. Hagner, 3 Whart. 48. As no cause of action accrued to her during her lifetime, to whom could it accrue after her death? It is absolutely necessary that some one have the right of action. If no administration was had there was no legal representative against whom the statute could run. The right of action must reside in some one before the statute can run:

[Marsteller v. Marsteller.]

Andrew's Adm'r *v.* Hartford and New Haven Railroad Co., 34 Conn. 57.

Mr. Justice TRUNKEY delivered the opinion of the court, May 3d 1880.

Sarah E. Marsteller died in 1864, leaving a husband and five children surviving. Letters of administration upon her estate were issued in 1876, and in the same year, this action was commenced to recover money she had loaned to her husband, the defendant. He alleges, that the court erred in refusing his point, that "the plaintiff cannot recover because of the bar of the Statute of Limitations;" and this is the chief subject presented in the numerous assignments.

This point depends on the question when the right of action accrued; for until then, in those cases where the remedy is suspended, the statute does not begin to run. Although the debt existed at the time of the loan, yet the remedy was postponed until the death of the husband. In contemplation of law, the wife is scarcely considered to have a separate existence; she and her husband constitute but one person, and the unity of persons is the source from which her disability to maintain suit is derived: Towers *v.* Hagner, 3 Whart. 48. There the action was by the widow against the executor to recover for money she had loaned her husband in his lifetime, and it was held the statute did not begin to run until his death. The same principle was applied in Kutz's Appeal, 4 Wright 90, where a married woman, in distribution of the assigned estate of a firm of which her husband was a partner, was allowed the principal and interest of money she had loaned the firm, although by the terms of the loan, the money was due eleven years before the assignment. Nothing in the recent statutes, securing the rights of married women, affects the question; and, therefore, the right of action did not accrue in the lifetime of Mrs. Marsteller. This rule prevails where the remedy is postponed for other cause than disability of person. The remedy, not the debt, is regulated by statute. Until the cause of the particular action which the defendant sets up the statute to bar has arisen, until the right is complete to institute that action, the statute does not begin to run. Thus, a tax collector is prohibited bringing suit within two years from the date of his warrant, and though the tax was due and collectible on the warrant within its life, against the action allowed afterwards, the Statute of Limitations begins to run from the date it could have been commenced: Wickersham *v.* Russell, 1 P. F. Smith 71.

A cause of action does not exist, unless there be a person in existence capable of suing, or of being sued. When one receives money belonging to the estate of an intestate, after his death and before administration granted, the statute runs not from the date

[Marsteller *v.* Marsteller.]

of the receipt, but from the grant of administration: Cary *v.* Stephenson, Skin. 555; Salk. 422. Hope, holding bills, died before their acceptance, and they being presented through an unauthorized channel, prior to grant of administration, were accepted: held that the Statute of Limitations began to run at the date of the grant, not the date of acceptance or payment of the bills: Murray *v.* East India Co., 5 B. & Ad. 204. Like doctrine is maintained in Douglass *v.* Forrest, 4 Bing. 702, and Buckland *v.* Ford, 5 Barb. 393. In Levering *v.* Rittenhouse, 4 Whart. 130, it is said, that if a surety pays the debt of his principal after the latter's death, and before letters of administration, the Statute of Limitations does not begin to run until letters are taken out; that it is only where the creditor may, and has a right to sue, that the statute commences running. But if the surety paid the debt in the lifetime of his principal, the statute commenced to run, and his subsequent death would not stop it. The rule is, that the statute begins to run at the date suit may be commenced; once begun it is not stayed by a party's death; if no action accrued prior to the death, none accrues till grant of administration, and the statute runs from such grant. The plaintiff in error refers to Man *v.* Warner, 4 Whart. 455, and Campbell *v.* Fleming, 13 P. F. Smith 245; but these cases accord with the rule as stated. In the former, the replication showed, that the executors "carried on and continued the business of the said decedent, from the time of the decease of said decedent down to the suing out of the writ," which the demurrer admitted; and hence it is plain that the note, which became due after the decedent's death and more than six years before suit, did not mature till after the letters were issued to the executors. In Campbell *v.* Fleming, the statute began to run before the decedent's death.

The children of Mrs. Marsteller have no right of action to recover this money from the defendant, whether they be infants or of full age, and no question of adding one disability to another arises. Nor is it now at all material, whether the defendant became an executor *de son tort*—he is answering an action brought by the lawful administrators, for recovery of his personal debt for money he borrowed in the decedent's lifetime.

It can scarcely be required to specially note any of the remaining alleged errors, except the sixth assignment. The præcipe is in the common form, given in either Graydon or Dunlop, and the summons is as prescribed by the Act of 1836, which does not require the amount of the debt to be stated therein. This action is on simple contract, and the verdict may well be for a sum not exceeding that named in the declaration. Any writing that contains evidence pertinent to the issue, whether will or mortgage, is admissible, though not set forth in the *narr.*—the claim is not grounded on a writing.

[Marsteller *v.* Marsteller.]

The sixth specification of error is to the admission of the record of mortgage, dated April 5th 1856, to secure the payment of $5000, due April 1st 1857, with entry of satisfaction by "Lovina Marsteller," the offer stating the mortgage was by Henry Franklin Marsteller to Lovina Marsteller, his wife. "Defendant objected to the offer of record of mortgage under the pleadings as inadmissible, and as not being declared upon in the *narr*." Here, he will be confined to that objection; Mills *v.* Buchanan, 2 Harris 59; Fidler *v.* Hershey, 9 Norris 363. It was an implied admission that he gave the mortgage to his wife, and that she entered the satisfaction. He made the point expressly, that it was inadmissible under the pleadings—that excluded inference that he had other objection. Therefore, the court rightly treated the mortgage as an undisputed fact, and properly referred to its contents in the instructions to the jury. They were bound to consider it in connection with the other testimony; uncontradicted, it certainly showed that when it was given, he owed his wife $5000.

We are of opinion, that there was sufficient testimony to submit to the jury, and that the charge of the court was as favorable to the defendant as he had right to demand.

Judgment affirmed.