# CHARLESTON.

DAMRON *v.* WILLIAMSON CONSTRUCTION & ENGINEERING CO.

(No. 6594)

Submitted April 29, 1930.   Decided May 6, 1930.

*Holt & Holt* and *William B. Hogg,* for plaintiff in error.
*James Damron,* for defendant in error.

MAXWELL, JUDGE:

On the 17th day of March, 1925, the Ira Webb Construction Company, a corporation, sold to the Williamson Construction & Engineering Company, a corporation, certain road building materials, equipment, and machinery, and assigned certain contracts, for the sum of $29,600. After certain portions of the said purchase price had been paid and discharged, the said Ira Webb Construction Company was adjudged a bankrupt and B. L. Damron, plaintiff herein, was constituted trustee of the estate of the bankrupt. Thereafter the said trustee, claiming that there was a substantial balance due from the Williamson Company to the Webb Company on the purchase money aforesaid, instituted this action, a proceeding by notice of motion for judgment, against the Williamson Company. The defendant took the position that the Webb Construction Company had failed to deliver to the purchaser all of the property which was included in the sale and purchase aforesaid, and therefore that the defendant was entitled to a rebate against the Webb Company or its trustee in bankruptcy.

The notice of motion for judgment was returnable the 15th day of November, 1926. Plaintiff's counsel did not appear in court on said date to prosecute said motion, but did appear for that purpose on the 17th day of the same month. The defendant thereupon appeared specially and moved the court to quash the said notice and the return of service thereon, which motions being overruled by the court, the defendant thereupon filed its counter affidavit and entered its plea of

nil debet, and the said action was continued generally. No further proceedings were had in said action until the following November, when the Williamson Construction & Engineering Company filed in open court a bill in chancery against the said Damron, trustee, and others, alleging that the account between the Williamson Company on the one hand, and the Ira Webb Company and its trustee in bankruptcy on the other hand, were extensive and complicated, and prayed that a further prosecution of the said action at law might be enjoined and that a reference be had in the said chancery cause to a commissioner in chancery for the purpose of settling the accounts between the parties. The court declined to entertain the said bill in chancery as such and ordered the same be filed and treated as an affidavit in said action at law in support of the motion of the Williamson Company for reference to a commissioner in chancery. Thereupon the court referred the said action at law to a commissioner in chancery for the purpose of taking, stating, and reporting an account between the parties. In due time the commissioner completed and filed his report wherein he found that the Williamson Company had in fact overpaid the Webb Company in the amount of $1,619.81, but did not allow a recovery in favor of the Williamson Company against the trustee in bankruptcy of the Webb Company for said amount or any other amount. At a later time, both the trustee in bankruptcy and the defendant excepted to the said report of the commissioner in chancery. The case came on to be heard on its merits before the court in lieu of a jury, and the court found for the plaintiff and against the Williamson Construction & Engineering Company and assessed the damages at $3,551.64, and entered judgment accordingly. To that judgment the defendant prosecutes this writ of error.

To recur now to certain procedural matters: On the 17th day of November, 1926, defendant appeared specially and moved to quash the notice and the return of service thereof: First, because the plaintiff had not appeared and prosecuted its notice of motion on the 15th day of November, 1926, the return day thereof, and had not caused its said notice

to be docketed on that date; and, second, on the ground of the insufficiency of the return. The said notice was served on the defendant on the 15th day of October, 1926, and was docketed in the office of the clerk of the circuit court of Mingo county on the 18th day of October, 1926. Under the provisions of section 6, chapter 121, of the Code, as amended by chapter 39 of the Acts of the Legislature of 1929, a notice of motion for judgment need not be docketed on its return day. The second ground of the motion which was made under the special appearance is predicated on the fact that although the suit was brought in Mingo county, being the county wherein the cause of action arose, the notice was served on the defendant in Taylor county, W. Va. It seems that subsequent to the above-mentioned transaction between the Webb Construction Company and the defendant the defendant transferred its operations from Mingo county to Taylor county. The return is challenged because there is no recital therein that the secretary of the corporation, being the official upon whom service was had, resided in Taylor county. It is the personal view of the writer of this opinion that under the provisions of section 2, chapter 124, of the Code, it is not necessary, under circumstances such as exist in this case, for the return of service upon an officer of a corporation to recite that the officer resided at the time of the service in the county wherein the service was made. But however that may be, it is clear that the defendant's active defense of the suit, after the motions which were made under the special appearance had been overruled, was such as to constitute a waiver of the points raised under the special appearance. Where a defendant enters a general issue plea and goes to trial on the merits of the case, he is deemed to have abandoned the objections which he made under his special appearance. See numerous cases cited in Michie's Digest of Virginia and West Virginia Reports, 1929, vol. 1, p. 586 et seq.

Now, as to the merits of the case, we find that on an issue of fact the commissioner in chancery and the trial court did not agree. Upon exceptions to the commissioner's report and upon a full hearing of the whole case, the court made a finding

126

of fact at variance with the finding of the commissioner. On an issue of fact a trial court, if dissatisfied with a finding of one of its commissioners in chancery, may disregard the finding of the commissioner and make its own finding. If the rule were otherwise, we would have the anomalous situation of a mere arm or instrumentality of the court being greater and more powerful that the court itself. And upon review of such case, where the trial court has made its own finding, in disregard of the finding of its commissioner, the appellate court will follow the finding of the trial court unless such finding is plainly at variance with a preponderance of the evidence. In the case of *State* v. *King*, 64 W. Va. 546, 63 S. E. 468, 469, the rule is thus stated in point 7 of the syllabus: ''The finding of a commissioner in chancery on a question of fact has not the force of the verdict of a jury in a law case nor on an issue out of chancery. Though entitled to peculiar weight, the chancellor, if dissatisfied with it, may set it aside on exception and adopt his conclusion as to what the evidence proves; and on appeal the finding of the commissioner will be regarded merely as a circumstance of more or less weight to be considered with the evidence in testing the correctness of the finding of the court.''

The issues of fact in this case involve many items. No practical purpose would be subserved by a detailed discussion thereof. It is sufficient to say that in our opinion the finding of the trial court on these numerous controversial matters should be sustained. We therefore affirm the judgment.

*Affirmed.*