TOWN OF CAMDEN ON GAULEY *ex rel.* ALMA MOLLOHAN

***v.***

ULYSSES S. O'BRIEN, *et al.*

(No. 10538)

Submitted September 15, 1953. Decided October 13, 1953.

LOVINS, BROWNING, JUDGES, dissenting in part and concurring in the result.

*Hoover & Bickel,* for plaintiffs in error.

*John H. Fox, W. M. Kidd,* for defendant in error.

RILEY, JUDGE:

In this action in debt instituted in the Circuit Court of Webster County by Alma Mollohan, entitled Town of Camden on Gauley, a municipal corporation of the State of West Virginia, which sues for the use and benefit of Alma Mollohan, against Ulysses S. O'Brien, Town Sergeant of Camden on Gauley, a municipal corporation, and H. C. White, the plaintiff sought to recover damages in the amount of thirty-five hundred dollars, the penalty of an official bond in which the defendant, Ulysses S. O'Brien, is principal, and the defendant, H. C. White, is surety. To a judgment in the amount of fifteen hundred dollars, based upon a jury verdict, the defendants prosecute this writ of error.

This action was instituted by the issuance of a writ, dated April 16, 1952, served on the defendant, Ulysses

S. O'Brien, Town Sergeant for the Town of Camden on Gauley, a municipal corporation, and H. C. White, commanding the defendants "to appear before the Circuit Court of Webster County, at Rules to be held for the said Court, on the first Monday of MAY next, to answer * * * a Plea of Debt $_____ and _____ Cents. Damages, $_____. * * *."

The defendants having moved the Court on September 9, 1952, to quash the process issued and served, and to dismiss the action on the ground that the process in the action is void for the reason that the action sounds in damages and no damages are laid in the process and writ, the court, over defendants' objection, on plaintiff's motion permitted the process to be amended by inserting therein, after the words "In Debt", the following: "Damages $3500.00."

On September 23, 1952, defendants tendered for filing a written demurrer to the declaration on the ground that the bond pleaded in the declaration being payable to the State of West Virginia, the action must run in the name of the State of West Virginia, and not in the name of the municipal corporation, the Town of Camden on Gauley. The trial court refused to permit the defendants to file this demurrer on the ground that it was tendered too late.

The defendant O'Brien, Town Sergeant of the municipal corporation, Camden on Gauley, on April 23, 1951, having observed that Ira Mollohan, husband of Alma Mollohan, was driving his automobile while intoxicated on the main street of that town, pursued him in a pick-up truck from the place where the Mollohan automobile had been parked to a point in Nicholas County, a short distance from Camden on Gauley, which is in Webster County. There, without a warrant, the officer arrested the driver, Ira Mollohan, for the offense of driving an automobile while intoxicated, and his wife, Alma Mollohan, for intoxication in a public place, the offenses being claimed by the defendant officer to have been committed in his presence.

Alma Mollohan, hereinafter referred to as "relator," together with her husband, was taken to the jail in the Town of Camden on Gauley, and incarcerated therein. There they remained until about ten o'clock on the following morning, when they were taken before a justice of the peace in the Village of Cowen, Webster County, and fined.

Upon appeal having been taken by the relator to the Circuit Court of Webster County, the warrant, subsequently issued for her arrest, was dismissed. On April 16, 1952, the relator, claiming that the arrest and imprisonment of April 23, 1951, were false, instituted this action of debt against the defendants.

At the trial the relator testified and introduced evidence, over defendants' objection, as to the condition of the town jail at the time the Mollohans were incarcerated, a matter over which the defendant O'Brien, as town sergeant, had no control.

The trial court gave, over defendants' objection, "Plaintiff's Instruction No. 1", and gave, without objection, defendants' instruction No. 1, which defendants assert was inconsistent with the peremptory instruction given for the plaintiff. Defendants' instruction No. 1 instructed the jury that the burden is upon the plaintiff (relator) to prove to the satisfaction of the jury by a preponderance of the evidence every material and essential fact alleged in the declaration, and that if the jury believes that the plaintiff has failed by a preponderance of the evidence to prove any single allegation of her declaration, the jury should find for the defendants.

The trial court refused to give defendants' instruction No. 2, which instructed the jury that if it should believe from the evidence that the defendant O'Brien was chief of police of the Town of Camden on Gauley, in Webster County, and arrested the plaintiff in Nicholas County without a warrant, and if the jury should further believe that the plaintiff (the relator) had committed no offense

in the presence of O'Brien in the Town of Camden on Gauley, O'Brien was not in fresh pursuit of relator for the offense for which she was arrested, in which event the jury was instructed that the act of the defendant officer complained of in the declaration is unrelated to the duties of his office, and entirely beyond any duty which he might be called upon to perform in connection therewith, and the jury should find for the defendant.

The circuit court also refused to give defendants' instruction No. 3, which instructed the jury that if it believes from the evidence that the bond sued on is dated January 31, 1950, and was taken out by the Town of Camden on Gauley for a period of one year, and the premium thereon paid on March 16, 1950; and if the jury further believes from the evidence that because the action alleged in the declaration arose on April 23, 1951, then it should find for the defendants.

The bond declared on was dated January 31, 1950, with the defendant O'Brien as principal and the defendant White as surety, in the amount of thirty-five hundred dollars, payable to the State of West Virginia, and contains no expiration date and, according to the testimony of defendants' witness, Gene Westfall, who was recorder of the Town of Camden on Gauley at the time the bond declared on was issued, he, as recorder, paid the premium on the bond declared on on March 16, 1950, in the amount of thirty-five dollars; and that the premium was for a period of one year and had never been renewed. This witness further testified that another bond was issued to the Town of Camden on Gauley, with a premium of seventeen dollars fifty cents for a period of one year, which premium was paid on April 30, 1951. This later bond, over plaintiff's objection, was introduced in evidence. It was dated May 4, 1951, and named the defendant, Ulysses S. O'Brien, as principal, and The Maryland Casualty Company of Baltimore, Maryland, as surety, and provides that the surety may at any time terminate its liability on behalf of the principal under

the bond by giving thirty days' notice in writing thereof; and likewise that the Town of Camden on Gauley, or the mayor thereof, may terminate the surety's liability on behalf of the principal, Ulysses S. O'Brien, by notice in writing to the surety, addressed to the surety's home office in the City of Baltimore, Maryland.

In furtherance of the prosecution of this writ of error, the defendants assert: (1) That the writ upon which this action is based is void because it does not lay damages in a specified amount and is not amendable; (2) the writ is void and not amendable because it does not require the defendant to appear at rules in the office of the Clerk of the Circuit Court of Webster County; (3) this action is not maintainable because it was instituted in the name of the Town of Camden on Gauley and not in the name of the State of West Virginia, the payee named in the bond declared on; (4) the bond declared on had expired and was not in force and effect at the date of the alleged false arrest and imprisonment; (5) the officer's act in arresting the relator outside the limits of the Town of Camden on Gauley, outside of Webster County, was an arrest for an alleged offense which was not committed by the relator in the officer's presence or in the Town of Camden on Gauley, Webster County, and was, therefore, illegal; and (6) the court erred in giving the peremptory instruction, "Plaintiff's Instruction No. 1", and the other instructions inconsistent therewith.

The initial question presented by defendants' motion to quash this writ is whether the writ, as originally drafted, is void because it does not lay damages in a specified amount, or whether the writ is only voidable and, therefore, amendable. Though the defendants did not crave oyer of the writ, the writ is before us for consideration on the motion to quash, as Code, 56-3, has been amended by the enactment of Chapter 96, Acts of the Legislature, Regular Session, 1949, by adding thereto a new section to be designated as "section thirty-two", to provide that a writ or process commencing any action at

law or suit in equity "shall be a part of the record, without oyer thereof."

The pertinent statute bearing immediately on the manner in which the defendant may avail himself of the defects in a writ or return or of a variance in a writ from the declaration, and the amendment of a defective writ or return, is Code, 56-4-30, which reads: "In other cases [those involving misnomers], a defendant on whom process summoning him to answer in any suit or action appears to have been served shall not take advantage of any defect in the writ or return, or any variance in the writ from the declaration, unless such defect or such variance be pleaded in abatement. And in the case of every such defect or such variance, whether the same shall be pleaded in abatement or not, the court may at any time permit the plaintiff to amend the writ or the declaration so as to perfect the writ or correct the variance, and may permit the return to be amended, upon such terms as to it shall seem just. But nothing herein shall deprive a defendant of any right which he has by the common law to make a motion to quash process which is void; and if the process be a void process, the suit or action shall be dismissed upon motion of the defendant."

Under the provisions of this statute if the instant writ is void, the defendants' motion to quash will serve to dismiss the action. However, if the writ contains no defect rendering it void, it may be amended as provided by the statute.

In asserting that the writ is void because it does not state damages in a definite amount, defendants' counsel take the position that this action sounds in damages, and, therefore, a specific sum should be set forth in both the writ and the declaration. This position ignores the ancient rule still prevailing in this jurisdiction that "In debt the damages are merely nominal; and it is said by high authority that it is not necessary to lay damages in the declaration at all." Hoggs' Pleading and Forms, 2d

ed., Section 118, page 99; *Craghill* v. *Page,* 2 Hen. & M. 446; and *Stephens* v. *White,* 2 Wash. 203.

The question whether a writ, instituting an action of debt which fails to specify the amount of the debt for which the action is instituted, is void, has not been adjudicated in this jurisdiction. In 1 Barton's Law Practice, 2d ed., a form of summons is set forth as embracing the proper mode of commencing an action or suit where the defendant is a citizen of the State, which form reads, in part: "You are hereby commanded to summon [the defendant or defendants] to appear in the clerk's office of the _____ court of _____ county, at rules to be held in said office, on the _____ Monday in _____ next, to answer [the designation of the pleading filed or to be filed] * * * ". This form does not set forth the relief sought by the plaintiff, and at page 259 of the text, Barton states that "This form answers for either a common law or a chancery summons, and for any kind of action." It seems, however, that in an action of debt, not on a penal obligation, the writ should specify the amount of the debt for which the action is instituted, and the writ usually states a sum certain as damages. These damages are laid as damages for the detention of the debt. 1 Barton's Law Practice, 2d ed., Section 83, page 260. In this text it is stated that the damages for the detention of the debt are merely nominal, in fact, not given at all, "except in certain actions upon protested bills of exchange, where the plaintiff recovers his whole principal and interest." The case of *Allison* v. *President, etc., of Farmers' Bank of Virginia,* 6 Rand. 204, is cited by Barton as holding that in an action of debt on a bond with a collateral condition, it is not necessary for the plaintiff to lay any damages, except where he seeks to recover damages in addition to his debt.

The cases from other jurisdictions are of little assistance, as the law governing the issuance of process issued is purely statutory. It has, however, been stated by reputable authority that in actions at law, if the statutes of

the jurisdiction in which an action at law for the recovery of a money demand is instituted, do not specifically require it, the summons need not set forth in a sum certain the amount sued for. Bowers, Process and Service, Section 49, page 65, citing *Marsteller* v. *Marsteller*, 93 Pa. 350. In 72 C. J. S., Process, Section 17, it is stated in the headnote that "Process should comply with provisions of law requiring it to state the sum of money or other relief demanded and the consequences of default". In the text under the headnote the rule is stated as follows: "In the absence of statutory requirement, the amount demanded need not be stated"; and the footnote to this line of text likewise cites the *Marsteller* case.

Thus resort must be had to the statutory law of this State. Code, 56-3-3, provides that "The supreme court of appeals may, from time to time, prescribe the forms of writs and other process, and until the court shall alter the forms, the same may be as heretofore used, except so far as is otherwise provided."

In Rule XIV of the Rules of Practice for Trial Courts, this Court has prescribed the form of suggestee execution to be used in the courts of record in this State, and the form of suggestee execution to be used in the courts of this State not of record; but no rule has been promulgated by this Court under Code, 56-3-3, governing the process required to institute an action at law, or a suit in equity. So in the matter of writs, process and order of publication, except as provided by Rule XIV of the Rules of Practice for Trial Courts, we are governed by the provisions of Code, 56-3, especially Sections 4 and 5 thereof, which read as follows:

> "(4) The process to commence a suit shall be a writ commanding the officer to whom it is directed to summon the defendant to answer the bill or action. It shall be issued on the order of the plaintiff, his attorney or agent, and shall not, after it is issued, be altered, nor any blank therein filled up, except by the clerk.

"(5) Process from any court, whether original, mesne or final, may be directed to the sheriff of any county. Any process shall be returnable, within ninety days after its date, except as provided in section six, article two of this chapter, to the court on any day of a term, or in the clerk's office to the first day of any rules, designated as the first or last Monday, as the case may be, in any month and year, except that a summons for a witness shall be returnable on whatever day his attendance is desired, and an order of attachment may be returnable to the next term of the court, although more than ninety days from the date of the order, and process awarded in court may be returnable as the court may direct."

The pertinent statute governing the filing of a plea in abatement for defects in a writ or return, a variance in the writ from the declaration, and a void process, is embraced in Code, 56-4-30, which provides: "In other cases, a defendant on whom process summoning him to answer in any suit or action appears to have been served shall not take advantage of any defect in the writ or return, or any variance in the writ from the declaration, unless such defect or such variance be pleaded in abatement. And in the case of every such defect or such variance, whether the same shall be pleaded in abatement or not, the court may at any time permit the plaintiff to amend the writ or the declaration so as to perfect the writ or correct the variance, and may permit the return to be amended, upon such terms as to it shall seem just. But nothing herein shall deprive a defendant of any right which he has by the common law to make a motion to quash process which is void; and if the process be a void process, the suit or action shall be dismissed upon motion of the defendant."

The rule governing the specification of the amount of a debt for which an action in debt is instituted is stated in 1 Barton's Law Practice, 2d ed. 260, as follows: "In an action of debt the writ, after specifying the amount of the debt for which the action is brought, the time

from which interest is claimed (where the action is not on a penal obligation), and the charges of protest, if any, usually states a certain sum as damages. The damages which are laid are damages for the detention of the debt; and these are merely nominal, in fact not given at all, except in certain actions upon protested bills of exchange, where the plaintiff recovers his whole principal and interest. * * *" But the rule is otherwise in the case of actions which sound entirely in damages, such as an action in assumpsit for breach of a contract, an action of trespass or trespass on the case. It is a necessary requirement in actions sounding entirely in damages that the damages be set forth in the writ, equal to, or greater than, the amount which the plaintiff seeks to recover. 1 Barton's Law Practice, 2d ed. 261. Because Code, 56-3, the only statute governing process for the institution of law actions does not provide that a writ in an action in which the recovery of money is sought shall set forth the amount sought to be recovered, the instant writ, though defective, is not, in our opinion, void; but as the defect in the writ, in that it does not set forth the amounts sought to be recovered, appears on the face thereof, it can be reached by a motion to quash, notwithstanding Code, 56-4-30, provides that in cases other than those involving misnomers, "a defendant on whom process summoning him to answer in any suit or action appears to have been served shall not take advantage of any defect in the writ or return, or any variance in the writ from the declaration, unless such defect or such variance be pleaded in abatement." Pt. 1 syl., *Looney* v. *West Virginia Hardwood Co.*, 113 W. Va. 385, 168 S. E. 138, and syl., *Hall, Admr.* v. *The Ocean Accident and Guarantee Corp., Ltd.*, 122 W. Va. 188, 9 S. E. 2d 45.

As Code, 56-4-30, provides in clear language that " * * * in the case of every such defect or such variance, whether the same shall be pleaded in abatement or not, the court may at any time permit the plaintiff to amend the writ or the declaration so as to perfect the writ or correct the variance, * * *, upon such terms as to it shall

seem just", the court may on a defendant's motion, as the court did in this case, amend the writ so as to effectuate a better writ.

In so holding, we have interpreted Code, 56-4-30, in *pari materia* with the provision of Code, 56-3-4, which reads: "It [the process to commence an action or a suit] shall be issued on the order of the plaintiff, his attorney or agent, and shall not after it is issued, be altered, nor any blank therein filled up, except by the clerk."

The use of the word "Damages" in the amendment of the instant writ made by the circuit court is inept in this action of debt, for, as heretofore indicated, damages in an action of debt are for the detention of the debt. But as the amount of the debt sought to be recovered does not otherwise appear in the process, the words "Damages $3500.00", inserted by order of the court in the process, after the words "In Debt", are sufficient to inform the defendants of the limit of the amount sought to be recovered. Moreover, the bond upon which this action was instituted, being a penal bond in the penalty of thirty-five hundred dollars, the amount sought to be recovered is not a debt in the sum certain of thirty-five hundred dollars, but, in fact, damages incurred by the relator by reason of O'Brien's alleged breach of his official duties, against which the bond was signed by the defendant O'Brien, as principal, and the defendant, H. C. White, as surety.

The defendants for the first time in their second ground of error assert that the writ is void because it was not made returnable at rules in the office of the Clerk of the Circuit Court of Webster County. The writ, as heretofore indicated, commands the defendants "to appear before the Circuit Court of Webster County at Rules to be held for said Court, on the first Monday of MAY next". If the writ is void because it does not sufficiently inform the defendants of the place at which they are required to appear, its issuance did not serve to institute an action against the defendants, Ulysses S. O'Brien,

Town Sergeant for the Town of Camden on Gauley, and H. C. White, surety on the former's official bond.

That the issuance and service of process in the man-ner prescribed by Code, 56-3-4, 5, unless waived is essential to the jurisdiction of a trial court is well settled in the Virginias. In *Smith Insurance Agency* v. *Hamilton Fire Insurance Co.,* 69 W. Va. 129, 133, 71 S. E. 194, this Court held: "Jurisdiction must always affirmatively appear by proper process, and due and legal execution on or acceptance of service by or on behalf of defendant." *Pettry* v. *Shinn,* 120 W. Va. 20, 196 S. E. 385; *Preston* v. *Legard,* 160 Va. 364, 168 S. E. 445. Though after the defendants' motion to quash on the ground that the process did not state the damages sought to be recovered, and the process was amended on plaintiff's motion, defendants demurred to the declaration, the defendants filed the plea of general issue, they were not precluded thereby from asserting, as they now do in this Court, that the process is void as distinguished from being merely defective, because it was made returnable to an impossible return day. In *Shepherd* v. *Brown,* 30 W. Va. 13, 3 S. E. 186, this Court held in point 1 syllabus that: "By appearance to a motion against a sheriff and his sureties under section 5 of chapter 121 of the Code and repeated continuances of the case generally by consent of parties the defendants waive any objection to the notice because not served in time; but they do not thereby preclude themselves from moving to quash the notice because fatally defective on its face." Moreover, even if the instant process was merely defective, the defect is not waived by defendants' plea of the general issue, because after defendants' motion to quash was overruled, the defendants had excepted on the record to the action of the court in overruling the motion to quash. In point 3 of the syllabus of *Fisher, Sons & Co.* v. *Crowley,* 57 W. Va. 312, 50 S. E. 422, this Court held: "A defect in such summons is not waived by pleading to the merits after the overruling of a motion to quash, to which an exception has been taken and made a part of the record."

If the instant process was returnable to an impossible return day, the process is void, and the trial court had no jurisdiction to try the controversy between the plaintiff and the defendants. Though this question was not raised in the trial court, it may and should be considered by this Court on this writ of error because it is one of jurisdiction. In *State* v. *McLane,* 128 W. Va. 774, 38 S. E. 2d 343, this Court held that when a question fairly arises on the record, it will take cognizance of the lack of jurisdiction of a circuit court in granting a writ of error to the judgment of a trial court upon a petition filed too late, notwithstanding the jurisdiction of the circuit court was not challenged in that court; and in *Morris* v. *Gates,* 124 W. Va. 275, 20 S. E. 2d 118, it was held that the fact that a proceeding to subject a tract of land to a vendor's lien was based entirely on an unsigned bill of complaint raised a jurisdictional question, which could not be ignored on appeal, although such question was not included in the assignments of error. See generally 1. M. J., Appeal and Error, Section 107.

Let us at this point consider the process issued by the Clerk of the Circuit Court of Webster County for the purpose of summoning the defendants to appear to answer plaintiff's "Plea of Debt", in the light of Code, 56-3-5, dealing with, as its heading imports, "Process; Direction; When Returnable; Attachment; Summons for Witness"; and Code, 56-4-1, prescribing the days upon which rules are to be held. Code, 56-3-5, *inter alia,* provides that "Any process shall be returnable, within ninety days after its date, except as provided in section six, article two of this chapter [the statute governing motion for judgment on contracts], to the court on any day of a term, or in the clerk's office to the first day of any rules, designated as the first or last Monday, as the case may be, in any month and year, * * *." Code, 56-4-1, provides: "In the clerk's office of every circuit court, rules shall be held on the first Monday of every month, whether the court be in session or not, except that when a term of the circuit court commences on the first Mon-

day in a month, or on either of the two following days, or on the preceding Tuesday, Wednesday, Thursday, Friday or Saturday, the rules which otherwise would have been held for such month on the first Monday shall be held on the last Monday in the next preceding month. The rules shall continue for three days, unless such continuance will interfere with the term of the court for which the rules are held, in which case they shall not continue beyond the day preceding the commencement of the term of such court. But if any Monday which is a rule day shall also be a holiday, then rules shall be held on the following Tuesday regardless of the fact that the latter day may be the first day of a term of court."

From Section 1-n, Article 2, Chapter 57, Acts of the Legislature, Regular Session, 1947, amending and reenacting Code, 51-2-1-n, it appears that the term of the Circuit Court of Webster County in 1952, commenced on the second Monday in January, May and September of each year; and that being so, "the first Monday of May next", under the provisions of Code, 56-3-5, the return day stated in the writ was the first day of the May, 1952, rule days. If the instant writ had been made returnable to rules held in the office of the Clerk of the Circuit Court of Webster County on the "first Monday of May", it would have been sufficient so far as the return day and place are concerned; but the process did not summon the defendants to appear on the first day of the May, 1952, rules, to be held in the clerk's office. It summoned the defendants to appear "before the Circuit Court of Webster County, at Rules to be held for said Court". Consequently, the process summoned the defendants to appear before the circuit court on an impossible day: a day on which the Circuit Court of Webster County was not in session. The fact that the return day, stated in the summons, was the first day of May, 1952, rules, then being held in the office of the Clerk of the Circuit Court of Webster County, did not, in our opinion, render the error self-correcting, so as to bring this case within the rule enunciated in the case of *Town of Point Pleasant* v.

*Greenlee & Harden,* 63 W. Va. 207, 60 S. E. 601, 129 Am. St. Rep. 971.

While it is true that under the holding of this Court in *Damron* v. *Williamson Construction and Engineering Co.,* 109 W. Va. 122, 125, 153 S. E. 250, it was stated in general language that: "Where a defendant enters a general issue plea and goes to trial on the merits of the case, he is deemed to have abandoned the objections which he made under his special appearance", the general appearance does not, under the authorities heretofore cited, preclude the defendants for the first time, and as they now do in this Court, from asserting that the process is void. Process to be valid must fully inform a defendant of the time and place of the return. Its object is to so inform a defendant whether he be lettered in the law or not. The instant process was worded so that it might delude the defendants as to the place where they should answer plaintiff's "Plea of Debt". If the defendants were not, in fact, so deluded, that is of no consequence. The question here is not whether the defendants were prejudiced by the inept language, concerning the return day of the process, used in the process, but whether the process was such that it sufficiently informed the defendants as to the return day and place of the summons. As it does not, it is void, and its issuance did not serve to institute an action at law against the defendants. It therefore follows that the Circuit Court of Webster County had no jurisdiction to entertain this action, and such lack of jurisdiction cannot and will not be ignored by this Court.

The defendants assign as error the refusal of the trial court to permit the filing of defendants' demurrer to the declaration on the ground that it was not timely tendered for filing. From this record, however, it appears that the demurrer was "filed in the office of the Clerk of the Circuit Court of Webster County, West Virginia, this 23 day of September, 1952." This notation over the signature of the clerk of the circuit court evidently means

that defendants' demurrer was tendered for filing on September 23, 1952, and the Judge of the Circuit Court of Webster County certified under date of October 28, 1952, that plaintiff objected to the filing of the demurrer; and upon plaintiff's motion the court refused to permit the demurrer to be filed on the ground that the tender of the same was not timely.

We think that the defendants acted promptly in tendering their demurrer for filing, as the demurrer was tendered promptly after the court acted upon and overruled defendants' motion to quash the writ herein. In these circumstances the trial court should have permitted the filing of the demurrer. This demurrer, as heretofore indicated, states that the declaration is not sufficient in law for the reason "That this action, by statute, must run in the name of the State of West Virginia." Evidently by the use of the words "by statute", counsel for defendants were referring to Code, 6-2-2, which provides that "Every official bond, and every bond required by law to be taken or approved by, or given before, any court, board or officer, shall, unless otherwise provided, be made payable to the State of West Virginia * * *." The provisions of this statute have been interpreted and fully discussed by this Court in the case of *City of Mullens ex rel. Robert R. Jones* v. *Louis Haynes Davidson,* 133 W. Va. 557, 560, and 561, 57 S. E. 2d 1, 13 A.L.R. 2d 887, which involved an action in assumpsit to recover from the defendant Davidson, as principal, and Fidelity and Casualty Company of New York, as surety, damages for the alleged breach of an official bond executed by the defendants, payable to the City of Mullens, a municipal corporation, in which action the State of West Virginia was also impleaded as a party defendant. This Court reversed the Circuit Court of Wyoming County in sustaining the demurrer to the declaration as to the defendant Fidelity and Casualty Company of New York, and held that the State of West Virginia was properly dismissed as a party defendant; and that the bond being payable to the City of Mullens, the action could properly

be maintained in the name of the City of Mullens at the relation of the relator, Robert R. Jones. This Court in the *Davidson* case cited with approval the case of *State ex rel. County Court of Preston County* v. *Williams,* 115 W. Va. 204, 174 S. E. 873, in which it was held that an action on an official bond of a sheriff, payable to Preston County, and given when the statute prior to Code, 6-2-2, that is, Section 5, Chapter 10, Code of 1913, which later became Section 5, Chapter 10, Barnes' Code, 1923, provided, *inter alia,* that any bond to be given by an officer of a municipal corporation, county or district, or that could lawfully be prescribed by its ordinances, by laws or regulations, could be made payable to the State of West Virginia, or to the municipal corporation, county or district. In the *Davidson* case the Court also cited *State ex rel. McDermott* v. *United States Fidelity and Guaranty Co.,* 85 W. Va. 720, 102 S. E. 683, involving an official bond executed while Section 5, Chapter 10, Code of 1913, was in effect, which bond was conditioned in accordance with the statutory provision now incorporated in Code, 61-7-2, in which the Court held that an action on such bond, payable to a municipality, of which the principal named in the bond was a municipal police officer, could not be instituted in the name of the State, but such action must be instituted in the name of the municipal corporation. The opinion in the *Davidson* case states that Section 5, Chapter 10, Barnes' Code, 1923, was omitted from the Code of 1931, as indicated by the Revisers' Note to Code, 6-2-2, which states that the purpose of requiring all bonds referred to in the section to be made payable to the State and dispensing with the alternate provisions in Section 5, Chapter 10, Barnes' Code, 1923, was to provide uniformity for all bonds. In the opinion in the *Davidson* case, *supra,* at page 562, it is stated that Code, 6-2-17, which provides: "Upon any bond payable to the State of West Virginia, whether heretofore or hereafter taken, suits may be prosecuted from time to time in the name of the State, for the benefit of the State, or of any county, district, corporation or person injured by a breach of the condition of any such

bond, until damages are recovered in the aggregate equal to the penalty thereof", "applies only to actions at law upon bonds payable to the State and not to an action upon a bond in which the State is not the obligee." In the opinion in the *Davidson* case this Court also cited in support of this holding the cases of *Hensley* v. *Copley*, 122 W. Va. 621, 11 S. E. 2d 755; *Moore* v. *Henry*, 76 W. Va. 271, 85 S. E. 527; *State ex rel. County Court of Preston County* v. *Williams, supra; State for use etc.* v. *Flanagan,* 77 W. Va. 505, 87 S. E. 878.

But as the bond upon which this action is based is payable to the State of West Virginia, this action in the first instance should have been brought in the name of the State of West Virginia ex rel. Alma Mollohan.

The foregoing disposes of all the jurisdictional questions raised by counsel for the defendants in the specification of their grounds of error, and renders moot the questions arising on the other grounds of error.

For the foregoing reasons we are of the opinion that the Circuit Court of Webster County did not have jurisdiction to enter the final judgment order, of which the defendants complain. We therefore reverse the judgment of the circuit court, set aside the verdict of the jury, and remand this case with direction that the circuit court dismiss this action without prejudice to whatever rights the plaintiff may have in the premises.

> *Judgment reversed;*
> *verdict set aside;*
> *case remanded with direction.*

LOVINS, JUDGE, dissenting in part and concurring in the result:

I dissent from the Courts conclusion embraced in point ten of the syllabus.

The Court in its opinion held that the summons commencing an action of debt, with no amount shown on the summons, was not void, and could be amended. I agree

with that conclusion, though the authority for such holding is somewhat nebulous, and the failure to specify the amount due on the summons is a serious defect.

The Court, in point ten of the syllabus concludes that the process was void for the reason that the writ of summons was returnable before the Circuit Court of Webster County "at rules to be held by said court on the first Monday of May, next", a day on which the Circuit Court of Webster County was not in session.

"A summons which fails to mention the time and place when and where the defendant is to appear and answer is no notice at all, and will not support a judgment." Alderson on Judicial Writs & Process, §45. No judgment may be rendered against a person who has had no notice of proceedings, actual or constructive. Due Process of Law, Taylor, §137. See Process and Service, Bowers, §41; Hogg's Pleading and Forms, Fourth Edition, §3.

The question of sufficiency of process comes before this Court frequently. In *White* v. *Sydenstricker et al.,* 6 W.Va. 46, on a notice of motion for judgment where there was a _____ instead of the day on which the motion was to be made and a _____ instead of the name of the person who would make the motion, the process was held good in the circumstances disclosed by that opinion. In *Coda* v. *Thompson,* 39 W.Va. 67, 19 S. E. 548, an order endorsed upon an attachment requiring a garnishee to appear and answer, made returnable to the first day of the second term after its issuance, was held to be void on account of the wording of the statute requiring such process to be made returnable to the next term of court held after its issuance.

The second point of the syllabus in *Ketterman* v. *Railroad Co.,* 48 W.Va. 606, 37 S. E. 683, reads as follows: "A summons commencing a suit, which is void because it has a wrong return day, is nevertheless effective to bring into being a suit such that its dismissal by the court for that cause will give one year after its dismissal for a new suit, under the statute of limitations."

Statutes providing for a summons commencing an action in a court of record are mandatory, and if the summons is materially defective, with respect to time or place of its return, upon proper and timely objection, the summons will be held void, unless the statute relating to amendments authorizes amendments. *Fisher* v. *Crowley*, 57 W.Va. 312, 50 S. E. 422. In one instance, a summons tested on August 1, 1904, which was a Monday, and made returnable "on the first Monday in August, next", was held to be self-correcting. *Town of Pt. Pleasant* v. *Greenlee*, 63 W.Va. 207, 60 S. E. 601. See *Bank of Union* v. *Loeb*, 71 W.Va. 494, 76 S. E. 883, wherein the summons discussed was issued by a justice. Of course, if the summons is returnable to a day which, under the law, is not a return day, the summons is void. *Lebow* v. *Rope Company*, 81 W.Va. 21, 93 S. E. 939.

A summons tested on July 6th, and made returnable to the first Tuesday in the month of July, 1926, is neither void nor voidable, July 6th, 1926 being a rule day. *Venable* v. *Taxi Line*, 105 W.Va. 156, 141 S. E. 622. As to the return day of the summons, see 42 Am. Jur., Process, §15, and Annotation, 97 A.L.R. 747, *et seq.*

In the Court's opinion, the return day of the summons was characterized as being made returnable to an impossible date. I do not agree with that characterization. The summons was issued on the 16th day of April, 1952, and was made returnable to the first Monday of May, next.

Rules are held in the Clerk's Office of every Circuit Court on the first Monday of every month, except when a term of court commences on the first Monday in a month or on the preceding Tuesday, Wednesday, Thursday, Friday or Saturday. In the event of a term of court commencing on the above days mentioned, rules are held on the last Monday of the preceding month. The rules so held continue for three days, unless such rules interfere with the term of court for which the rules are held. Code, 56-4-1.

In the instant case, the May term of the Circuit Court of Webster County commenced on the second Monday in May. Chapter 57, Article 2, Section 1-n, Acts of the Legislature, 1947, Regular Session. It is thus seen that there was no conflict between rules for the Circuit Court of Webster County and the commencement of the May term, 1952, of that court. The summons was returnable within ninety days after its date. Code, 56-3-5. The place of the return was the county seat of Webster County.

The defect assigned by the Court's opinion was because the summons provided that it was returnable "before the Circuit Court of Webster County" and the Circuit Court of Webster County was not in session on that date. Hence, it was held that the process was returnable to an impossible date.

It will be noted that the defendants were directed to appear "before the Circuit Court of Webster County, at *rules* to be held for the said Court". (Emphasis supplied) The statute above adverted to, fixes the place where process is returnable and likewise provides that in this instance rules are to be held on the first Monday in each month. As provided in the above cited statutes, the time and place of the return were lawful and I can see no grounds for saying it was an impossible return day. It was in the future and the only defect was that the defendants could not appear before the Circuit Court of Webster County, though commanded to appear at rules.

The direction in the summons to appear before the Circuit Court of Webster County is mere surplusage. The time and place of return were easily rendered certain when the summons was read in conjunction with the applicable statutes. "That is certain which can be rendered certain". Black's Law Dictionary, Fourth Edition, Page 288.

A reference to the pertinent statutes or a casual inquiry at the Clerk's Office would have disclosed to the

810

defendants the place where they were to appear. The time for appearance was easily ascertainable by reference to an ordinary calendar. Hence, there was no danger of defendants being deluded. Moreover, "* * * Ignorance of the law excuseth not". Broom's Legal Maxims, Tenth Edition, Page 169. See 2 Kent's Commentaries, Fourteenth Edition; Black's Law Dictionary, Fourth Edition, Page 881. The defendants were charged with the knowledge that rules were to be held in the Clerk's Office on the first Monday in May, 1952. There was no ground for confusion or delusion as to the time and place when and where the summons was returnable.

I would hold the summons valid.

I am authorized to say that Judge Browning joins in this note.